**CITY OF HOUSTON, Appellant,**

v.

**J. R. GRIBBLE, Appellee.**

**No. 937.**

Court of Civil Appeals of Texas, Tyler.

Sept. 30, 1976.

Rehearing Denied Oct. 28, 1976.

Johnathan Day, City Atty., Dale M. Tingleaf, Houston, for appellant.

Howard S. Hoover, Hoover, Cox & Miller, Houston, for appellee.

McKAY, Justice.

This is a suit on a contract wherein J. R. Gribble (Contractor), as assignee of the rights of J. R. Gribble Construction Company, brought suit against the City of Houston (City) for money withheld by the City as liquidated damages under a storm sewer construction contract. The City denied generally the Contractor's right to recovery. Trial was had before a jury which found the City arbitrarily and capriciously failed and refused to allow Contractor 146 days additional time on his contract, and the circumstances causing the delay were not under the Contractor's control. Based upon the jury verdict the court rendered judgment against the City for $48,873.86, from which judgment the City brings this appeal.

The contract in question here was for the construction of a 10 foot by 10 foot reinforced concrete box storm sewer approximately one mile in length. Contractor was low bidder on the project with an original contract price of $985,201.34. The parties entered into the contract on July 18, 1969, and Contractor began work on August 20, 1969. The contract provided for completion of the project in 240 working days. However, the project was not completed by the Contractor until July 16, 1971, 694 days after work began.

The Contractor claims that during the construction of the project he suffered delays due to certain circumstances beyond his control. He maintains he was delayed 21 days due to late delivery of forms, 11 days due to late delivery of guard rails, 54 days due to the flooding of Buffalo Bayou, 26 days due to removal of stone from the site, and 45 days due to encountering an alkaline soil condition. The Contractor filed monthly claims for time lost due to weather, which claims were allowed, but he did not file a monthly claim with the City for the five delays listed above. After the completion of the project the Contractor filed a claim for the delays, and the City denied his claim.

The City on December 28, 1971, accepted the work as completed and authorized pay-

ment under the terms of the contract. On April 18, 1972, the City, in tendering the final payment to the Contractor, withheld $44,800.00 as liquidated damages. The tender by the City was $4,073.86 as the final payment which tender was refused by the Contractor. The contract provides that if the 240 working days are exceeded the Contractor will pay the City $400.00 per day in liquidated damages for each additional day that the work remains uncompleted. The $44,800.00 liquidated damage figure was arrived at by calculation that to complete the project the Contractor took 112 working days more than the 240 days allowed by the contract at $400.00 per day.

The pleading of the Contractor not only sought to recover the liquidated damages withheld by the City, but also alleged that he was entitled to an additional $83,182.00 for removal of stone from the trench excavated for the storm sewer. However, the question of additional money for removal of stone is not before us on appeal.

Issue No. 1 submitted to the jury was:

"Do you find from a preponderance of the evidence that notwithstanding the written terms of their contracts (sic), it was the custom and practice of the City of Houston Public Works Department to permit contractors such as the plaintiff in the present case to present requests for extra time due to 'conditions not under the control of the contractor,' after the completion of the contract in question?

"Answer: 'We do.' "

Issue No. 2 was:

"Do you find from a preponderance of the evidence that the plaintiff, Gribble Construction Company, made such request in accordance with such custom and practice, if any?

"Answer: 'We do.' "

Other issues were answered by the jury that the Contractor was delayed 10 days due to late delivery of forms, 11 days due to late delivery of guardrails, 54 days due to flooding of Buffalo Bayou, 26 days due to removal of stone, 45 days due to alkaline soil condition, and that each of such delays were not under the control of the Contrac-

tor and that the City was arbitrary and capricious in not allowing the Contractor the number of days of delay so found.

City's first point of error complains that the trial court erred in failing to render judgment notwithstanding the verdict for the City because the Contractor failed to comply with the mandatory contractual prerequisite necessary to the establishment of a claim for an extension of contract time. We sustain this point.

The contract provided that:

"No claims for extension of time will be considered unless the claim is filed between the first (1st) and fifteenth (15th) of the month following the month in which the delay was occasioned. These requests will be approved or disapproved by the Director of Public Works instead of City Council as stated in the E–10."

It is undisputed that the Contractor did not file his claim or claims in accordance with the above provision of the contract. It seems to be settled that such a provision is valid and enforceable. *Housing Authority of City of Dallas v. Hubbell,* 325 S.W.2d 880 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.); *Austin Bridge Co. v. State of Texas,* 427 S.W.2d 925 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.).

"Where the contract so provides the contractor must give notice to the owner or the architect of delays arising from stipulated causes, or of his claim for additional time by reason of such delays, or he will not be excused or entitled to additional time, unless such formality is waived . . ." 17A C.J.S. Contracts § 502(4)e, p. 778–779.

We are of the opinion that where the contract so provides the contractor must not only give notice to the owner of delays arising in the performance of the contract, but the contractor must give such notices or make such claims for delay in the manner and within the time specified in the contract. The timely filing of the Contractor's claim for an extension of time because of delay was a condition precedent to the obligation of the Director of Public Works for

the City to consider the validity of such claim.

■ Appellant City also argues that custom and practice, or usage, will not vary the terms of a written contract. We agree. The courts of Texas so hold. *Turner v. Scobey Moving and Storage Co.,* 515 S.W.2d 253 (Tex.1974); *Malone v. Dawson,* 117 Tex. 377, 5 S.W.2d 965, 60 A.L.R. 665 (1928).

■ ·Appellee Contractor maintains that the City waived the notice requirements concerning delays caused by circumstances beyond the control of the Contractor, and he cites *Ryan v. Thurmond,* 481 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.) as authority. Contractor argues that *Ryan* holds that after the time for completion of the work has expired and the owner assents to the continuance of the work without objection to the delay, the owner will be deemed to have waived the provisions as to time of performance and that this applies to the instant case. In *Ryan* there was no prerequisite in the written contract about time for claiming delay time as here. We believe *Ryan* is distinguishable for that reason. Moreover, *Ryan* also holds that a waiver of the time provisions for performance does not necessarily waive a claim for damages for failure to perform on time. When the owner permits a contractor to continue work after the completion time has expired, such action might constitute a waiver of the breach which could have caused a forfeiture of the contract; nevertheless, the owner may still recover any damages sustained as a result of the breach.

■ Appellee Contractor also contends that the City is estopped from asserting the strict terms of the contract when it is acting in its proprietary capacity because the evidence shows that it was the custom of the City to allow requests or claims for extensions of time due to delays caused by circumstances not within the control of the contractor to be made after the completion of the project, and that the actions and words of the agents and employees of the City reinforced Contractor's belief that it

would follow such custom with him on the contract in question. Edward Gresham, an estimator in the construction division of the Public Works Department of the City, testified that in some cases contractors would send in a claim for delay at the end of the job, and that even though such claim came in late it would be considered. The witness George Patrick testified that contractors routinely make requests for delay after the job is completed, and that to his knowledge no contractor has been penalized for running over his time. Joe Meador, construction engineer for the City on the project involved here, testified that "several—lots of times" claims for delay had been made at the end of the job and that such had been the practice. Appellee Gribble testified he did not make monthly requests for extension of time because the practice had been to make them at the end of the project, and that on two other occasions he had made his claim on completion of the project for the City and there was "no problem".

Contractor does not contend, nor does he present any evidence that the representatives of the City made any representation to the Contractor in the instant case that the City would not hold him to the strict terms of the written, unambiguous contract which induced him to wait until the completion of the project to claim an extension of time for delays. No issue was submitted to the jury on the question of estoppel, and none was requested. Contractor cites a recent case by the Supreme Court, *Roberts v. The City of Haltom City,* Tex., 543 S.W.2d 75 (1976). That case is distinguishable from this case on the facts.

It has been held that in a construction contract where the terms and specifications were unambiguous and where it clearly spelled out the duty of the Contractor, "it was not permissible to resort to custom and usage as the basis for changing its terms." *State of Texas v. F & C Engineering Co.,* 438 S.W.2d 647, 652 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.).

We are of the opinion that the trial court erred in rendering judgment for appellee Contractor based upon custom and usage.

In view of the fact that we sustain appellant City's first point, we do not reach the other points of error.

· As to the $44,800.00 awarded to appellee Contractor, the judgment of the trial court is reversed; and it is here rendered that Contractor take nothing. The judgment of the trial court for Contractor for the sum of $4,073.86 is affirmed.