584

Ima Ruth ADAMS et al., Appellants,

v.

Calvin Truett SIMMONS et al., Appellees.

No. 3859.

Court of Civil Appeals of Texas.

Eastland.

Feb. 28, 1964.

Rehearing Denied March 20, 1964.

Abney, Hammett & Lynch and J. V. Hammett, Lampasas, for appellants.

McCulloch, Ray, Rembert, Luna & Trotti, Ross H. Hemphill, Dallas, Norman Spencer, Jr., Robert Patterson, Snyder, for appellees.

COLLINGS, Justice.

Ima Ruth Adams, individually and as administratrix of the estate of Hallie Simmons, deceased, and other plaintiffs brought this suit against Calvin Truett Simmons and wife and numerous other defendants to partition certain lands located in Scurry, Bexar and Williamson Counties. The defendants, Calvin Truett Simmons and wife, answered by a general denial, a plea in abatement and a plea of res judicata. The facts were stipulated and the trial was before the court without a jury. Judgment was entered decreeing that plaintiffs take nothing and they appealed.

Appellants Ima Ruth Adams et al. present one point in which it is urged that the court erred in holding that they were not entitled to partition the lands. The lands which appellants sought to partition were two quarter sections of land situated in Scurry County, two lots in the City of San Antonio and a small lot in Liberty Hill in Williamson County.

The parties to this suit are the sole owners of the lands in question, in undivided

interests. They derived their interests in the lands as follows:

(1) Hallie Simmons, an incompetent, died intestate July 4, 1959. At the time of her death she owned in fee simple an undivided ½ interest in all the lands in question. Both of her parents predeceased her. She was survived by two sisters, three brothers, children of a deceased brother and children of a deceased sister, by virtue of which Hallie Simmons' fee simple title to such undivided ½ interest in the lands descended under the laws of descent and distribution in seven equal parts unto her surviving brothers and sisters, and per stirpes to the surviving children of her deceased brother and sister.

(2) Ownership of the other or remaining ½ interest in such lands is derived from the will of Mollie I. Simmons, deceased. Under and by virtue of that will the remaining ½ interest in said lands vested as follows:

(a) In Hallie Simmons for her lifetime. She is now deceased, having died intestate on July 4, 1959.

(b) Upon the death of Hallie Simmons to her surviving brothers and sisters (also children of Mollie I. Simmons) and the survivors or survivor thereof, until the last of them shall die. There are still surviving brothers and sisters of Hallie Simmons.

(c) The remainder in fee simple to the grandchildren of Mollie I. Simmons.

After the death of Mollie I. Simmons and while Hallie Simmons was still living a partition suit was brought in the 126th District Court of Travis County styled Mamye Dell Simmons Germann et al. v. Hallie Simmons et al. In that suit judgment was entered in 1948 construing the will of Mollie I. Simmons and partitioning the land as the interests therein existed at that time. It thus appears that the first mentioned group of fractional interests owned in fee simple by the parties as stated and aggregating an undivided ½ interest in the lands was inherited from the decedent, Hallie Simmons, who in turn had inherited it from her father. This undivided ½ interest was set aside to her in fee in the Travis County suit above mentioned. The second group of fractional interests owned by the parties as stated, aggregating the other undivided ½ interest did not descend or pass to said parties through a fee ownership by Hallie Simmons though she did, under the will of her mother Mollie I. Simmons, acquire a life estate therein. Such interests in the other ½ undivided interest in the land vested in the parties to this suit directly under the will of Mollie I. Simmons, deceased, as construed in the Travis County District Court proceeding heretofore mentioned. The present interests of the surviving brothers and sisters of Hallie Simmons in such other undivided ½ interest are life estates with remainder in fee simple to the grandchildren of Mollie I. Simmons. Some of the brothers and sisters are already deceased.

It thus appears that appellants and some appellees own fee simple title in undivided interests in the property involved. Some of the parties own life estates in undivided interests therein. Others own the remainders in undivided interests at the conclusion of the life estates in fractional undivided interests. In this situation since appellants own fee simple title to undivided interests and are entitled but cannot have possession, a partition was sought by appellants.

Article 6082, Vernon's Ann.Texas Civ. St. provides:

"Any joint owner or claimant of any real estate or of any interest therein * * *, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners * * * in the manner provided in this chapter."

Appellees contend that the trial court correctly held appellants were not entitled to partition the lands: (1) because they had already been partitioned in 1948, in the 126th Judicial District Court of Travis County, (2) because of a provision in the

will of Mollie I. Simmons, deceased, that the ½ interest in the lands in which Hallie Simmons was given a life estate was to go at her death to her brothers and sisters for life and then to their survivors, but was not to be sold before it passed to testatrix' grandchildren, and (3) because such a partition would be prejudicial to those entitled to a reversion or remainder of the estates of Hallie Simmons and Mollie I. Simmons.

In connection with the contention that there has already been a partition of the land by the District Court of Travis County appellees urge that a decision of a court of competent jurisdiction is res judicata and is conclusive, not only as to the subject matter disposed of in the judgment, but as to every other matter which might have been decided. Appellees contend that the judgment of the Travis County District Court has construed the will of Mollie I. Simmons, partitioned the land and has given appellants all the relief to which they are now entitled. We cannot agree with this contention.

Neither the parties nor the issues in this Scurry County case are the same as those in the 1948 suit in Travis County. At the time of the Travis County suit Hallie Simmons was living, was a party to such suit. She then owned in fee simple an undivided ½ interest in the lands in question and a life estate in the remaining ½ interest therein. The lands involved in that suit included the lands involved in the instant suit but the interests of the parties therein are now entirely different. The parties to the Travis County suit, except Hallie Simmons and her sister Maggie Jewell Robbins, are also parties to this suit. Maggie Jewell Robbins survived Hallie Simmons but has since died and the interest of Maggie Jewell Robbins is now vested in her two children who are parties to the instant suit. This suit in Scurry County was brought by the administratrix and some of the heirs of Hallie Simmons to partition the land in which she had a fee simple title based upon the interests which the parties as her heirs now own in said lands.

The undivided interests in the lands of the parties to this suit are thus entirely different from their interests at the time of the Travis County suit and an entirely different legal situation and different issues are now presented. Contrary to appellees' contention the judgment of the Travis County District Court partitioning the land on the basis of the interests of the parties to that suit at that time does not defeat appellants' right to again partition the lands on the basis of their present interests therein. Art. 6082, supra, confers to any joint owner with right of possession the right to compel partition between the joint owners. In 144 A.L.R. 39, in an annotation under the subject "Partition Decree As Res Judicata", it is stated as follows:

"In accordance with the general rule that where, after the rendition of a judgment, subsequent events occur, creating a new legal situation, or altering the legal rights or relations of the litigants, the judgment does not operate as an estoppel nor preclude the parties from vindicating, in a new action, rights subsequently acquired (see 30 Am.Jur. 943, Judgments, § 206), it has been generally held that a judgment or decree in partition does not preclude the parties from afterward asserting a title acquired after the rendition of such judgment."

We next consider appellees' contention that the trial court correctly held that appellants were not entitled to partition the lands because of the provision in the will of Mollie I. Simmons, deceased that the one-half interest in the lands in which Hallie Simmons was by the will given a life estate, was at her death to go to her brothers and sisters for life and at their death to their survivors but was not to be sold before it passed to the grandchildren of said Mollie I. Simmons. It is first to be noted that the will of Mollie I. Simmons affected only a ½ interest in the land. At the time of the writing of such will and at the time of the death of Mollie I. Simmons her

daughter, Hallie, already owned the fee title to the other ½ interest in the lands. Mollie I. Simmons had no right by will or otherwise to engraft such a condition on the ½ that Hallie already owned in fee simple. Appellants assert that they do not request a division of the estate of Mollie I. Simmons.

Appellees also contend that the partition was properly refused because it would be prejudicial to those entitled to the reversion or remainder of the estate of Hallie Simmons and Mollie I. Simmons. This suit was brought by parties who own fee simple interests in an undivided ½ interest in the land as heirs of Hallie Simmons. Some of them also own life estates in the remaining ½ undivided interest therein. The owners of such fee simple interests in such Hallie Simmons' ½ are entitled to have a partition thereof. Tieman v. Baker, 63 Tex. 641. It is also held that the right to partition may not be defeated by showing that some inequities will result. Moseley v. Hearrell, 141 Tex. 280, 171 S.W.2d 337.

Although appellants' pleadings are not clear on the point they assert that they do not request a division of the estate of Mollie I. Simmons, deceased. They state that they are now concerned only with their interests in the title of Hallie Simmons to an undivided ½ interest in the land in fee simple and its segregation from the other ½ interest which is a part of the Mollie I. Simmons' estate. They also urge that the ½ fee simple undivided interest in the lands previously owned by the said Hallie Simmons be partitioned between the parties as their interests therein appear. Appellants were under their pleadings and proof entitled to so segregate and partition the lands. Their point complaining of the action of the court in denying such a partition is well taken.

For the reasons stated the judgment is reversed and the cause is remanded for a new trial in accord with this opinion.