**Rex R. NEWSOM, Appellant,**

v.

**Jerry STARKEY et al., Appellees.**

**No. 18861.**

Court of Civil Appeals of Texas, Dallas.

July 29, 1976.

Rehearing Denied Sept. 9, 1976.

B. Michael Chitty, Terrell, for appellant.

B. Bryan Leitch, III, Dallas, for appellees.

AKIN, Justice.

This is an appeal from a summary judgment granted plaintiffs-appellees. Since plaintiffs' summary-judgment proof and defendant's deposition establish plaintiffs' primary cause of action as a matter of law, the principal question on this appeal is whether the defendant has sustained his burden of raising fact issues with respect to his affirmative defenses. Because defendant has not sustained his burden, we affirm.

Jerry Starkey, Ben F. Freeman, and R. L. Taylor sued Rex R. Newsom for breach of a covenant to pay the prior lien note and to recover $36,383.90, previously paid by plaintiffs to defendant in a real estate transaction. The sale from defendant to plaintiffs was consummated on December 21, 1973, and was a fourth "wraparound" note and deed of trust transaction. Plaintiffs paid defendant on this note a total of $36,383.90, inclusive of a down payment and a subsequent annual installment on December 21, 1974. The basis of plaintiffs' cause of action is the following language, contained in all instruments in the sale transaction:

> 3(b) Seller hereby agrees for the benefit of Purchaser, to pay or cause to be paid the principal of and the interest on the First, Second and Third Lien Notes as and when such amounts become due and payable, in strict accordance with their terms, both before and after the closing date, and that the indebtedness evidenced by the First and/or Second and/or Third Lien Notes (or any part thereof) will not be renewed or extended beyond the date of maturity of the First and/or Second and/or Third Lien Notes without Purchaser's consent.

Although plaintiffs made all payments to defendant pursuant to the fourth lien "wraparound" note, defendant failed to pay the March 1, 1975, payment due on the third lien note as he had agreed to do in the sale documents. Consequently, the holder of the third lien note foreclosed upon the property on May 6, 1975.

In response to plaintiffs' action, defendant alleged that without his knowledge his real estate agent in the transaction was acting (1) in the dual capacity of broker and undisclosed principal and (2) as agent for the plaintiffs. Defendant asserted that the broker thereby perpetrated a fraud and pleaded this in defense of plaintiffs' suit. Alternatively, he alleged mutual mistake because he claimed there was an agreement with his agent that he would have no personal liability in the transaction. He has neither prayed for reformation of the contract to vitiate the effect of the above-quoted language in the transaction documents nor filed a third-party action against his agent, J. E. Taylor.

During the pendency of the suit, plaintiffs obtained a temporary restraining order preventing the defendant from disposing of funds in his bank account and from alienating funds due him on a note payable by a third party. Additionally, plaintiffs sought a temporary injunction and a prejudgment writ of garnishment to impound these funds. The trial court denied the temporary injunction, but ordered in this cause that a prejudgment writ of garnishment be issued in a separately docketed ancillary proceeding. Thereafter, the trial court granted plaintiffs' motion for summary judgment and defendant appeals.

The defendant's points of error are that the trial court erred (1) in rendering summary judgment because the defendant established his affirmative defenses by proper summary-judgment evidence; and (2) in issuing a writ of garnishment because no application for it had been filed and because the Texas garnishment statutes are unconstitutional since they deny due process.

## Summary Judgment

■ Summary judgment is properly rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A; *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). The burden of proof is on the moving party and any doubt as to the existence of a material question of fact will be resolved against him. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., supra; Wyche v. Works,* 373 S.W.2d 558, 560 (Tex.Civ.App. —Dallas 1963, writ ref'd n. r. e.). The rule is different, however, where a defendant asserts an affirmative defense to the plaintiffs' action. If the defendant wishes to avoid the summary judgment, he must adduce summary-judgment evidence raising a fact issue on all elements necessary to establish his affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *see Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex. 1974); *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex. 1972). Since plaintiffs have sustained their burden of proof, the question is whether the defendant raised fact issues on each element of the pleaded affirmative defenses of fraud and mutual mistake by proper summary-judgment evidence. *Santos v. Mid-Continent Refrigerator Co.,* 471 S.W.2d 568, 569 (Tex.1971).

Defendant, in his affidavit, avers that: His real estate agent, J. E. Taylor, represented to him at all times that there would be no personal liability on defendant resulting from the transaction; he relied upon this representation in signing all of the instruments without reading them; R. L. Taylor, one of the plaintiffs, is the wife of J. E. Taylor; J. E. Taylor was acting in a dual capacity as broker and undisclosed principal; J. E. Taylor had an agreement with plaintiff Starkey, prior to consummation of the sale, whereby, upon closing, J. E. Taylor would have an ownership interest in the property; and J. E. Taylor was acting in the transaction as an agent for plaintiffs.

## Fraud

■ Defendant argues that he has established his affirmative defense of fraud because his affidavit shows that he relied on the representation of his agent, J. E. Taylor, that he would have no personal liability as a result of the transaction, and that J. E. Taylor was acting in a dual capacity representing both parties to the contract. He reasons that since J. E. Taylor's wife is one of the plaintiffs, and, since J. E. Taylor in December 1974 tendered to him a check in partial payment of an interest payment due him, this established his affirmative defense of fraud. We cannot agree. The only evidence that connects J. E. Taylor to the plaintiffs is the averment that his wife is a party plaintiff. We cannot draw from this an inference that J. E. Taylor was acting for plaintiffs. J. E. Taylor is not a party here and, consequently, even if fraud on his part were proved, it would not affect plaintiffs' right to recover in the absence of evidence showing plaintiffs' responsibility for J. E. Taylor's alleged fraud. To sustain defendant's burden on his affirmative defense it was incumbent upon him to show by proper summary-judgment evidence that his agent was acting for plaintiffs in the sale. This he failed to do.

■ Defendant also contends that he has established fraud because J. E. Taylor, his agent, was an undisclosed principal in the sale and that this constituted fraud. With respect to this contention, defendant avers that he would not have entered into the sale had he known his agent was an undisclosed principal. In his deposition, which was before the trial court, in response to an in-

quiry of in what way J. E. Taylor deceived him, he answered: "He didn't let me know who the purchasers were, that he was interested in it." He also testified that he first knew that J. E. Taylor had an interest in the property on December 20, 1974, when he accepted a check from J. E. Taylor as part of the payment due him from plaintiffs. Thereafter, he accepted and deposited a second check for the balance of the payment from plaintiffs Starkey and Freeman. By accepting and using these funds after knowledge of an interest in the property by J. E. Taylor, the defendant, as a matter of law, affirmed the contract and waived any right of rescission based on his undisclosed principal theory. As Justice Hickman stated in *Rosenbaum v. Texas Building & Mortgage Co.,* 140 Tex. 325, 167 S.W.2d 506, 508 (1943):

> [I]f a person who is induced by fraud to enter into a contract continues to receive benefits under the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such manner as to recognize the contract as subsisting and binding, he thereby affirms the contract and waives his right of rescission. An express ratification is not necessary; any act based upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it has the effect of waiving the right of rescission.*

Since defendant could not obtain a rescission of the contract based upon an undisclosed interest in the property of his agent, J. E. Taylor, it follows that he cannot assert this as a defense to plaintiffs' recovery.

■ Defendant also argues that the summary-judgment evidence shows that by an amendment he could raise an issue of fact on his claim of fraud, and, therefore, the summary judgment should be denied. In support of this contention, he cites *Womack v. Allstate Insurance Co.,* 156 Tex. 467, 296 S.W.2d 233 (1956) in which the supreme court said:

> The trial court will normally look to the pleadings to determine the issues that may exist in the case, but when the depositions, admissions or affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law.

This statement of law is inapplicable here because there is no summary-judgment evidence pertaining to plaintiffs. *Womack* concerns an amendment of pleadings when the summary-judgment proof reveals facts not pleaded which would defeat recovery. We do not read *Womack* to mean that a summary judgment will be reversed in order to give the opposing party an opportunity to plead a ground of recovery or defense against a person not a party to the litigation.

### Mutual Mistake of Fact

■ Defendant also asserts that the averments in his affidavit raise issues on the affirmative defense of mutual mistake of fact. We cannot agree. By definition a mutual mistake of fact occurs where the parties to an agreement have a common intention, but the written contract erroneously reflects that intention due to a mistake on the part of *both parties* in writing the agreement. *Cf. Temple Electric Supply, Inc. v. Simmons,* 328 S.W.2d 931, 934 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.); *Paine-Fishburn Granite Co. v. Reynoldson,* 115 Neb. 520, 213 N.W. 750, 751 (1927); *Northwest Thresher Co. v. McNinch,* 42 Okl. 155, 140 P. 1170, 1172 (1914). *See* Black's Law Dictionary 1152 (rev. 4th ed. 1968). Accordingly, in order for the affirmative defense of mutual mistake to be sustained, defendant must raise fact issues showing that *both* parties were acting under the same misunderstanding of the same material fact. *Morris v. Millers Mutual Fire Insurance Co. of Texas,* 343 S.W.2d 269, 271 (Tex.Civ.App.—Fort Worth 1961, no writ). Here, defendant contended that he had an understanding with his agent, J. E. Taylor,

---

* *See also Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892, 895 (1960).

that he would have no personal liability resulting from the sale. He does not, however, suggest that plaintiffs also acted upon this same "mistake" of fact in entering into the sale. We conclude, therefore, that defendant failed to sustain his burden of raising a fact issue as to mutual mistake.

#### Garnishment

Defendant also argues that the trial court erred in issuing a prejudgment writ of garnishment. The only reference to garnishment in this record is contained in the order of the trial court denying plaintiffs' application for a temporary injunction and directing the issuance of a writ of garnishment. That order recites that the defendant

. . . having been given due notice of plaintiffs' application for a writ of garnishment and given an opportunity in the hearing to show cause why such writ should not issue, it is of the opinion that the defendant, Rex Newsom, has had due process and that such writ should issue.

Since it is defendant's burden to bring the record up to the appellate court, he must present a record which is sufficiently full to show clearly the action of the court and the area in which he complains. *Redman v. Bennett,* 401 S.W.2d 891, 895 (Tex.Civ.App. —Tyler 1966, no writ); *Hassle v. New England Mutual Life Insurance Co.,* 506 S.W.2d 727 (Tex.Civ.App.—Waco 1974, writ ref'd); and *Weems v. Henry,* 375 S.W.2d 791, 792 (Tex.Civ.App.—Fort Worth 1964, no writ). Because the defendant failed to bring up any proceedings concerning garnishment other than the above language in an interlocutory order, we have no way of knowing whether a writ of garnishment was actually issued impounding assets of the defendant in derogation of due process. Neither do we know what, if any, further proceedings were had with respect to the writ. Since appellate courts do not issue advisory opinions, we do not pass upon the constitutionality of the garnishment statutes because that issue is not properly preserved on this appeal. *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 646 (1933); *see also Shaddix v. Kendrick,* 430 S.W.2d 461, 464 (Tex.1968).

Affirmed.

