Hannis TURBERVILLE and William C. Turberville, Appellants,

v.

UPPER VALLEY FARMS, INC., Appellee.

No. 1734.

Court of Civil Appeals of Texas, Corpus Christi.

April 30, 1981.

Rehearing Denied May 21, 1981.

H. H. Rankin, Jr., Rankin & Kern, McAllen, Carl M. Higdon, Jr., Elsa, for appellants.

Neal King, King & Waite, Mission, for appellee.

## OPINION

YOUNG, Justice.

This appeal involves the alleged damages sustained by appellants, Hannis and William C. Turberville, as a result of a deficiency in total acreage of land conveyed by appellee, Upper Valley Farms, Inc. The Turbervilles sought a judgment based upon the agreed per acre purchase price for the acreage of which they alleged title was defective. Trial was to the court without a jury. The trial court rendered a take nothing judgment. No findings of fact or conclusions of law were requested or made. The Turbervilles appeal. We affirm.

Appellants and appellee entered into a contract to convey approximately 167.09 acres of land located in Hidalgo County at a price of $800.00 per acre. The contract purchase price was to be based upon a title commitment and a survey establishing the true number of acres to be conveyed. Although all parties knew of an abandoned railroad right-of-way located on an elevated embankment running across the property, neither the title policy nor the surveyor's field notes mentioned such right-of-way. But the attorney for the appellee, in drawing the deed, inserted following the description: "SUBJECT TO: ... (6) Railroad right-of-way of Missouri Pacific Railway Company crossing said premises, ..."

Sometime after the closing of the transaction, the appellants concluded that they did not own the railroad right-of-way. They proceeded to bring suit against the appellee for damages for the deficiency in the number of acres conveyed based on the theories of mutual mistake and fraud.

Since no findings of fact or conclusions of law were filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Wade Contractors, Inc. v. C. W. & A., Inc.*, 589 S.W.2d 505 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). This Court's duty is to presume that every fact issue supported by the evidence was resolved in the appellee's favor. *Plata v. Guzman*, 571 S.W.2d 408 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

In their original petition, appellants alleged that the parties had made a mutual mistake in that they all believed that the railroad right-of-way was owned by the appellee as a result of a reversionary clause. In the alternative, appellants alleged that the appellee had defrauded them by representing that all the acreage to be sold, including that of the railroad right-of-way, was owned by the appellee. All parties agree that either ground, if supported by the evidence, would permit an examination of all the negotiations between the parties to determine whether the appellants are entitled to recover for the deficiency in acreage.

The appellee urged below, and urges here, that the doctrine of merger controls the resolution of the dispute. The doctrine of merger by deed operates to merge all prior transactions between the parties, whether oral or written, into the deed itself. *Duke v. Duke*, 605 S.W.2d 408, 410 (Tex.Civ.App.—El Paso 1980, writ dism'd); *Baker v. Baker*, 207 S.W.2d 244 (Tex.Civ.App.—San Antonio 1947, writ ref'd n. r. e.). "(W)here a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is functus officio, and the rights of the parties rest thereafter solely in the deed." Devlin, Law of Deeds, vol. 2 § 850a. *Sunderman v. Roberts*, 213 S.W.2d 705, 706 (Tex.Civ.App.—San Antonio 1948, no writ). This doctrine is subject to avoidance, however, when there is an allegation and proof of fraud or mistake in the execution of the deed. *Forister v. Coleman*, 418

S.W.2d 550 (Tex.Civ.App.—Austin 1967) writ ref'd, 431 S.W.2d 2 (Tex.Sup.1968); *Scull v. Davis*, 434 S.W.2d 391 (Tex.Civ.App. —El Paso 1968, writ ref'd n. r. e.).

A mutual mistake of fact, as alleged in this case, occurs when both parties to a transaction have ". . . a belief in the present existence of a thing, material to the transaction, that does not exist . . . ." 38 Tex.Jur.2d § 1 (1962). By definition, the mistake must be mutual, such as the situation where the parties to a contract have a common intention, but the written contract erroneously reflects that intention because of a mistake on the part of both parties in writing the agreement. *Newsom v. Starkey*, 541 S.W.2d 468, 472 (Tex.Civ.App.— Dallas 1976, writ ref'd n. r. e.). An act done or a contract made under a mistake of material fact is avoidable and relievable in equity. 38 Tex.Jur.2d § 4 (1962).

To prove a mutual mistake, it must be shown that both parties had the same misunderstanding of the same material fact. *Newsom v. Starkey*, supra at 472. But a unilateral mistake is not grounds for relief even if such mistake results in inequity to one of the parties. *Land Locators, Etc. v. La Cour Du Roi, Inc.*, 592 S.W.2d 7 (Tex.Civ.App.—Beaumont 1979, writ ref'd n. r. e.).

To apply these rules of law to the facts before us, we note that the record reflects that the contract to convey requires the conveyance of approximately 167.09 acres based on the following condition:

"The actual purchase price shall be calculated upon the agreed price of $800.00 per acre, based upon a title commitment from Transamerica Title Insurance Company and a survey by John Mikels, fixing the exact number of acres owned by Seller in the above specified lots and blocks."

The map filed by the surveyor noted the railroad right-of-way. His field notes and the title policy, however, made no mention of the right-of-way.

The deed drawn by appellee's attorney, specifically provides that the property to be conveyed is subject to a "(6) Railroad

right-of-way of Missouri Pacific Railway Company crossing said premises." It is apparent from the deed that the appellee through his attorney knew of the questionable status of the railroad right-of-way. This inclusion of the subject to provision evidences knowledge of the right-of-way, thus indicating no mistake in that regard on his part. "When the means of inquiry are open to both parties, equitable relief will not be granted for mistake alone." 38 Tex. Jur.2d § 3 (1962).

There are situations, however, in which a party is entitled to equitable relief as a result of unilateral mistake. But the aggrieved party must show, among other things, that the mistake must have been made regardless of the exercise of ordinary care. *Roland v. McCullough*, 561 S.W.2d 207, 213 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). The trial court was entitled to infer that the appellants here did not exercise ordinary care in that a reasonably prudent person would have been placed on inquiry as to the significance of the provision in the deed about the railroad right-of-way, and, before closing the transaction, would have exercised ordinary care by examining the title claim to the right-of-way. The foregoing demonstrates that the trial court impliedly found no mistake of the type requiring equitable relief.

We now turn to appellants' contention that there was fraudulent misrepresentation by the appellee. Equity will grant relief to the purchaser where the quantity is misrepresented by the seller, thus causing a material deficiency in actual acreage contracted for. Tex.Bus. & Comm. Code Ann., art. 27.01 (1980); *B & R Development, Inc. v. Rogers*, 561 S.W.2d 639, 643 (Tex.Civ.App.—Texarkana 1978, writ ref'd n. r. e.); *Gillespie v. Gray*, 230 S.W. 1027, 1028 (Tex.Civ.App.—San Antonio 1921, writ ref'd). The appellants testified that they understood that all the property, including the railroad right-of-way, was to be conveyed by the appellee. Even so, the appellants certainly must have, or should have, recognized that the deed specifically mentioned the railroad right-of-way. There was nothing fraudulent in the deed, rather the appellants were placed on notice that they were taking subject to several items, including that of the railroad right-of-way. Therefore, the trial court was entitled to infer that no fraudulent misrepresentation was made by the appellee.

Aside from considerations of mistake and fraud, there is another theory on which we can uphold the trial court's judgment. That is that the trial court could have found that the appellants just did not meet their burden of proof on the issue of whether there was a deficiency in the number of acres conveyed. See *Wade Contractors, Inc. v. C. W. & A., Inc.*, supra.

All of appellants' points of error have been considered by us and they are all overruled.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.