**AMERICAN SAMOA POWER AUTHORITY, Plaintiff**

**v.**

**NATIONAL PACIFIC INSURANCE COMPANY, LTD., Defendant**

High Court of American Samoa
Trial Division

CA No. 39-92

August 13, 1996

Before KRUSE, Chief Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiff, Marshall Ashley
 For Defendant, Brian M. Thompson

Order Denying Motion for Summary Judgment:

We earlier denied defendant National Pacific Insurance Company's ("NPI") motion for summary judgment, satisfied on the extent of the record then before us that a genuine issue of fact existed as to whether a provision of the relevant insurance contract between the parties was entered into by mutual mistake, and thus opening the contract to reformation. *See American Samoa Power Authority v. National Pacific Ins.*, 23 A.S.R.2d 100 (Trial Div. 1993). NPI has since moved for summary judgment, arguing the absence of mutual mistake, and hence the absence of any further issues of fact.

The underlying dispute involves a transaction in which plaintiff American Samoa Power Authority ("ASPA") agreed to purchase insurance for a turbine that it had rented. The language of the insurance agreement clearly indicates that insurance would only cover damages resulting from the negligence of ASPA or its employees. There is no indication that the damage involved in this case was related to the negligence of ASPA or its employees. ASPA complains that it was unaware of this limiting language, and that the limitation does not represent the true intentions of the parties. Conversely, NPI argues that the language of the agreement reflected exactly the extent of coverage that it offered to ASPA.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. T.C.R.C.P. Rule 56. It may be invoked only when "no genuine issue as to any material fact" exists. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-250 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322-24 (1986). The facts must be "beyond dispute," even though the non-moving party's factual assertions, supported by discovery material, are presumed to be true, and that all inferences are construed in a light most favorable to the non-moving

party. *Ah Mai v. American Samoa Government*, 11 A.S.R.2d 133, 136 (Trial Div. 1989); *see also Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (Trial Div. 1987); *U.S. v. Diebold*, 369 U.S. 654 (1952).

## DISCUSSION

NPI claims that in our denial of its earlier motion for summary judgment, we delimited the issues for trial to the issue of whether or not there was a mutual mistake regarding the limitation of insurance coverage to damages resulting from the negligence of ASPA employees. Nowhere in the opinion did we so delimit the issues. We simply found that the issue of mutual mistake presented a genuine issue for trial. *See American Samoa Power Authority v. National Pacific Ins.*, 23 A.S.R.2d 100. However, since ASPA has presented no other legal theory in defense against this motion for summary judgment, we base the present order solely on whether or not this case can proceed to trial on the issue of mutual mistake.

 It is basic contract law that a party to a contract has a duty to read the contract and "may not later complain that he did not read the instrument or that he did not understand its contents." JOHN D. CALAMARI & JOSEPH M. PERILLO, CONTRACTS § 9-42 (2d ed. 1979). An exception to this general rule exists for contracts induced by misrepresentation for the reason of mistake. *Id.* at § 9-43(c). If the mistake occurs because of the failure of one party to read the contract, however, it will not ordinarily justify avoidance of the contract. *Id.; Sanger v. Yellow Cab*, 486 S.W.2d 477, 481 (Mo. 1972). Both parties must be mistaken about the relevant contract term to justify reformation of the contract. *United States v. Fowler*, 913 F.2d 1382, 1389 (9th Cir. 1990).

> *[A] mutual mistake of fact occurs where* the parties to an agreement have a common intention, but the written contract erroneously reflects that intention due to a mistake on the part of both parties in writing the agreement. Accordingly, in order for the affirmative defense of mutual mistake to be sustained, defendant must raise fact issues showing that *both parties were acting under the same misunderstanding of the same material fact.*

*Newsom v. Starkey*, 541 S.W.2d 468, 472 (Tex. 1976) (emphasis added).

 ASPA's rendition of the facts is, essentially, that NPI never informed ASPA about the limitation of insurance coverage to damage caused by the negligence of ASPA or its employees, and that ASPA was not otherwise aware of this limitation. ASPA does not allege fraud on the part of NPI, nor

147

that NPI was mistaken as to the contents of the document. These circumstances give rise to a factual question as to whether the language of the policy contradicts an actual agreement entered into by the parties, or if the fault belongs solely to ASPA.

> When a party signs an instrument without reading it, it is clear that in a loose (but not legal) sense he is operating under a mistake as to the contents of the document. Under the rules previously stated, however, he is not ordinarily allowed to avoid the contract. Nonetheless, the situation is different if the writing does not reflect the agreement previously made and the term was not omitted by agreement. In such a situation most courts have granted reformation for mutual mistake despite the negligence involved in failing to read the document, the parol evidence rule, and the Statute of Frauds.

JOHN D. CALAMARI & JOSEPH M. PERILLO, CONTRACTS § 9-43 (2d ed. 1979) (citations omitted). Even if we assume ASPA's argument to be correct, it does not support the finding of a mutual mistake, because it does not attempt to show that NPI was mistaken as to the contents of the agreement, nor that NPI had ever agreed in any way to provide more extensive coverage than what was enumerated in the written policy. ASPA's argument makes factual claims only about what ASPA requested, not about what NPI agreed to provide. The deposition of Victor H. Stanley (at 29) does provide testimony, however, that NPI's representative agreed with Mr. Stanley to provide the more extensive coverage. We are puzzled as to why this testimony received no mention in ASPA's memorandum opposing summary judgment.

■ A motion for summary judgment may be denied at any time and for any reason when the court concludes that justice is served by proceeding to trial rather than resolving the case on motion. CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS § 99 (2d ed. 1972). Finding that an issue of material fact exists regarding the extent of coverage that NPI agreed to provide, we deny the motion for summary judgment.

## ORDER

The motion for summary judgment is denied.

It is so ordered.