SOUTHERN STAR INTERNATIONAL, INC. dba HONG KONG
RESTAURANT, KENNY and HELEN YOUNG,
Defendants/Appellants.

v.

PROGRESSIVE INSURANCE COMPANY (PAGO PAGO),
Plantiff/Appellee, and

AINOAMA FATA dba NOFO'S STORE,
Cross-Defendant/ Appellee,

High Court of American Samoa
Appellate Division

AP No. 11-02

June 28, 2004

■ A mutual mistake of fact occurs where the parties to an agreement have a common intention, but the written contract erroneously reflects that intention due to a mistake on the part of both parties in writing the agreement.

■ A contract will not be reformed on information that a party knew or should have known, absent an actual, mutual intent to agree on that information.

■ Under A.S.C.A. § 29.1577, an insurer's liability is governed by the terms of the policy.

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, TASHIMA,[**] Acting Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Appellants, Paul F. Miller
       For Appellee Fata, Katopau T. Ainu'u
       For Appellee Progressive Insurance Co., Roy J.D. Hall, Jr.

OPINION

Southern Star International, Inc., dba Hong Kong Restaurant (hereinafter "SSI") and Kenny and Helen Young ("Youngs"), appeal from the Trial Division's judgment granting Appellee Ainoama Fata ("Fata") $100,000 under a Progressive fire/material insurance policy on a building Fata owned. The Youngs leased Fata's building and used it as a restaurant. Appellee Progressive Insurance's ("Progressive") policy covered the building and its contents, which were destroyed when a restaurant employee negligently caused a fire.

Appellants allege that they are entitled to the policy proceeds as well as additional damages resulting from Progressive's alleged bad faith in paying on the policy. In total, Appellants seek $200,000 in damages. For the reasons stated below, we affirm in part and reverse in part.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.
[**] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.

## Background

The facts are substantially undisputed. Fata owned a building in the village of Nu'uuli, on land under the *pule* of High Chief Falemalama Vaesa'u ("Falemalama"). Fata leased the building to the Youngs to use in the operation of the Hong Kong Restaurant. The Youngs also lived in and operated the Nu'uuli Store in a building owned or leased by them and located next to the restaurant. A third, smaller building was leased by the Youngs and used as a fast-food outlet. All three of the buildings in which the Youngs had insurable interest were covered by "Policy 720," issued by Progressive, the named plaintiff. The first named defendant, SSI, is a Samoan corporation organized and controlled by the Youngs for the lawful purpose, as found by the Trial Division, of sponsoring aliens who could be employed as help in the Hong Kong Restaurant. The trial court found that SSI was the alter ego of the Youngs, and was so treated by the agents of Progressive, which insured the restaurant premises.

The only insurance contract directly at issue here is the portion of Policy 720 covering the restaurant building. Progressive offered, and the Youngs accepted, coverage amounting to $100,000 for the restaurant building, $50,000 for the restaurant building's contents, and $150,000 for the adjacent building housing the Nu'uuli Store. These terms remained basically consistent through the various documents Progressive issued; however, there was no consistency in the named insureds listed on each of the documents. A written quote delivered to the Youngs by Progressive underwriter Tavita Taumua on May 18, 1999, addressed the Youngs. After the Youngs agreed to the quote, Taumua issued an insurance proposal ("Proposal"), detailing the coverage underwritten. SSI and the Youngs were listed as co-applicants on the Proposal and Falemalama, not Fata, was erroneously listed as the building's owner. On June 2, 1999, Progressive issued a certificate of insurance ("Certificate"), which named SSI as the sole insured. The Certificate also referenced the Proposal as the controlling descriptive document. Three weeks later, Progressive issued a summary of coverage, which again named the SSI as the sole insured party.

On August 11, 1999, a fire, started in the restaurant, razed the restaurant building down to its concrete foundation, slab, and part of a wall. The fire consumed the furnishings and equipment of the restaurant, for which loss Progressive paid SSI in response to a written claim. The fire also caused collateral damage to the Nu'uuli Store. Progressive agreed to pay a claim for that loss. But when the Youngs and the Progressive adjusters failed to agree on the amount of the loss of the restaurant building, trouble entered the previously amiable adjustment process. Fata, meanwhile, filed a claim to be recognized as the building owner and named as a loss payee.

The Youngs wanted the face amount of the $100,000 policy, which exceeded by more than $30,000 the amount that Progressive was then willing to pay. Eventually, after an abortive attempt to settle all remaining claims for $64,300, Progressive paid this sum into court and filed this interpleader action, naming all the contending parties and others that were later deleted from the case. Fata cross-claimed against SSI and the Youngs for indemnification consistent with the terms of the building lease.

After a three-day trial, the trial court ordered Progressive to pay $100,000 to Fata, on the theory that SSI had no insurable interest in the restaurant building, and that Fata was entitled to full indemnification from the Youngs.[1]

## Standard of Review

■ The appellate court reviews a trial court's factual determinations for clear error, and questions of law or mixed questions of law and fact *de novo*. *Roman Catholic Diocese of Samoa Pago Pago v. Avegalio*, 20 A.S.R.2d 70, 73 (App. Div. 1992). "A finding is 'clearly erroneous' when the entire record produces the definite and firm conviction that the court below committed a mistake." *E.W. Truck & Equip. Co. v. Coulter*, 20 A.S.R.2d 88, 92 (App. Div. 1992). "In de novo review, the appellate court must review the record in light of its own independent judgment without giving special weight to the prior decision." *Amerika Samoa Bank v. Pacific Reliant Indus.*, 20 A.S.R.2d 102, 107 (App. Div. 1992).

## Discussion

### I. SSI's Insurable Interest

■ A.S.C.A. § 29.1522(a) states:

> Every interest in property . . . of such a nature that a contemplated peril might directly damage the insured, is an insurable interest. A mere contingent or expectant interest in anything, not founded upon an actual right to or in the thing, nor upon any valid contract for it, is not insurable.

Following the statute, the record compels the conclusion that SSI had an insurable interest in the restaurant building. According to Kenny

---

[1] Without consulting Fata, and allegedly at the direction of Falemalama, the Youngs have since had the remains of the restaurant building removed. The Youngs then built a larger structure on the same property, and entered into a twenty-year lease with Falemalama.

Young's uncontested testimony, SSI owned and operated the restaurant business. Although the trial court deemed it significant that the Youngs established SSI exclusively to "serve as an immigration conduit" for the restaurant, it matters not for what purpose SSI was formed, so long as it owned the restaurant business. As the owner, it sustained a direct loss when the restaurant had to stop operating because of the fire. As indicated on the Proposal, SSI and the Youngs are the named insureds on Policy 720 and both SSI and the Youngs had insurable interests in the restaurant building.

## II. Reformation of the Policy

■ An insurance policy is subject to the same rules of construction as any other contract. *Plaza Dep't Store v. Duchnak*, 26 A.S.R.2d 106, 108-09 (Trial Div. 1994). If an insurance contract is unambiguous, a court must "follow the prescriptions of the policy as written, and need look no further in resolving any disputes." *Asifoa v. Nat'l Pac. Ins. Co.*, 26 A.S.R.2d 24, 25-26 (Trial Div. 1994). If a policy is found to be ambiguous, however, a court should undertake further inquiry to determine the intent of the parties. *Id.* at 26. An insurance contract may be reformed to reflect the actual intent of both parties, and it may be reformed after a loss has occurred. *Plaza*, 26 A.S.R.2d at 109. However, reformation is an "extraordinary remedy," to be used only when there is mutual mistake or unilateral mistake coupled with actual or equitable fraud by the non-erring party. *Mutual of Omaha Ins. Co. v. Russell*, 402 F.2d 339, 344 (10th Cir. 1968).

In this case, the controlling descriptive document was the Proposal, which listed the Youngs and SSI as co-applicants and Falemalama as building owner. There is an ambiguity within the Certificate, which lists only SSI as a named insured. However, as the trial court pointed out, the Certificate cites the Proposal as "more particularly describ[ing]" the insurance coverage. Contrary to Progressive's contention, the Proposal reflects the intent of the parties to name the Youngs and SSI as named insureds.

■ Additionally, the mutual mistake resulting in Falemalama's name appearing on the Proposal compels us to affirm the trial court's reformation of the insurance agreement to conform to the fact that Fata owned the building. "A mutual mistake of fact occurs where the parties to an agreement have a common intention, but the written contract erroneously reflects that intention due to a mistake on the part of both parties in writing the agreement." *American Samoa Power Auth. v. Nat'l Pac. Ins. Co.*, 30 A.S.R.2d 145, 147 (Tr. Div. 1996) (quoting *Newsom v. Starkey*, 541 S.W.2d 468, 472 (Tex. 1976)). Here the parties clearly intended to include the name of the building owner, and erred in naming Falemalama instead of Fata.

■ However, the trial court erred in reforming the insurance policy to list Fata as a loss payee. Reformation must reflect the "actual intent" of the parties. *Plaza*, 26 A.S.R.2d at 109. Neither the Certificate nor the Proposal indicate that there was any discussion or agreement on listing a loss payee. Although Progressive contends that it would have listed Fata as the loss payee had it known that she was the building owner, a contract will not be reformed on information that a party knew or should have known, absent an actual, mutual intent to agree on that information. *See Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 311 (6th Cir. 1997) (citing 3 ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 614, at 723 (1950)) ("[T]he requirement of actual intent by both parties is black letter law in most jurisdictions."). The trial court erred in this regard.

Policy 720 is deemed to be reformed to reflect that Fata is the building owner, but there was no mutual intent to list the building owner as a named insured or a loss payee. Fata recovers by reason of indemnity, not by reason of being a named insured. Fata had a cross-claim, and judicial economy is advanced by affirming the trial court's equitable reformation to implement the indemnity rights created in Fata's lease to the Youngs.

### III. A.S.C.A. § 29.1577 Claim

■ The Appellants argue that the trial court erred in denying their claim for damages under A.S.C.A. § 29.1577, a statute penalizing insurers who fail to pay on a policy within the time specified for covering a loss.[2] Although the Appellants argue correctly that A.S.C.A. § 29.1577 is a strict liability statute requiring no proof of bad faith, *Paisano's Corp. v. Nat'l Pac. Ins.*, 30 A.S.R.2d 139, 141 (Trial Div. 1996), Progressive's liability was not triggered in this case. The statute makes clear that an insurer's liability is governed by the terms of the policy. *See* A.S.C.A. § 29.1577. The trial court noted, and the Appellants do not dispute, that the Youngs failed to submit a written demand as required under the terms of the policy.

### IV. Tort Claim

The Appellants contend that Progressive breached its duty of good faith in adjusting their claims. Specifically, they argue that Progressive had a duty to inform Appellants about a comprehensive general liability policy

---

[2] "In all cases where loss occurs and the insurer liable therefor fails to pay the same within the time specified in the policy, after demand made therefor, the insurer is liable to pay the holder of the policy, in addition to the amount of such loss, 12% damages upon the amount of the loss, together with all reasonable attorneys fees . . . ." A.S.C.A. § 29.1577.

and about the extent of the damage done to a second building near the restaurant building.

It appears from the trial court's opinion that the Appellants failed to raise these arguments below. Instead, the Appellants' bad faith argument seems to have rested on allegations that Progressive improperly delayed in paying for the restaurant building loss and that it purposefully hired an assessor who would report an unreasonably low estimate of the loss to the restaurant building. Appellants may not raise new theories of liability for the first time on appeal. *Ill. Graphics Co. v. Nickum*, 159 Ill. 2d 469, 490 (1994) (There is a "general waiver rule that a party may not raise a theory in support of the claim for the first time on appeal.") (citation omitted). We affirm the trial court's denial of Appellants' tort claim.

## V. Indemnification

Appellants assert that Fata breached her duty to mitigate damages by bringing a breach of contract claim against the Youngs instead of bringing a claim against Progressive. This assertion is without merit. Indeed, before Progressive filed its interpleader with the court, Fata submitted a claim to Progressive, only seeking indemnification from the Youngs after this action began.

## VI. Amount of Award

Progressive objects to the trial court's determination that the restaurant building was a total loss after the fire. There is no clear error in the trial court's factual determination that the building was a total loss, and we affirm. *See* A.S.C.A. § 43.0801(b).

## Conclusion

We disapprove of part of the trial court's holdings. SSI had an insurable interest under Policy 720, and the trial court erred in reforming the policy to include Fata as a loss payee. However, these errors were harmless as they did not affect the ultimate order. We affirm the trial court's rejection of the Appellants' statutory and tort claims alleging bad faith practices by Progressive. We affirm the court's holding that the Youngs must indemnify Fata for the loss of the building. We also affirm the order issuing the $64,300 deposited by Progressive to Fata and directing Progressive to pay Fata an additional $35,700.
AFFIRMED.

It is so ordered.