John L. WALL, Appellant,

v.

EAST TEXAS TEACHERS CREDIT UNION, Appellee.

No. 8460.

Court of Civil Appeals of Texas, Texarkana.

March 8, 1977.

Rehearing Denied April 19, 1977.

Tom Bankhead, Bankhead & Davis, Carthage, for appellant.

R. L. Whitehead, Jr., Whitehead-Beckworth, Longview, for appellee.

CHADICK, Chief Justice.

This is an appeal from the judgment of the District Court to which the Supreme Court of Texas remanded, with instructions, a suit upon a promissory note.* The defendant below, John L. Wall, was dissatisfied with the judgment and has perfected an appeal. The judgment of the trial court is affirmed.

Appellant Wall briefs as reversible error the failure of the trial court to award him reasonable attorney fees " . . . as mandatorily required in Article 5069–1.06 . . . " and for " . . . failing to find reasonable attorney fees due and owing . . . " to Wall as " . . . the undisputed facts showed the same to be $2,500.00."

The Supreme Court's mandate to the trial court required the trial court to determine " . . . the amount of attorney fees for which petitioner, John L. Wall, is additionally liable." The instruction is unambiguous, clear and understandable; there is no reason to subject it to construction. The language of the mandate as a whole, as well as its quoted language pertaining to attorney fees specifically, does not contemplate or imply that the additional attorney fee liability of any party, except John L. Wall, is remanded to the court for determination. When the Supreme Court remands a case and limits a subsequent trial to a particular issue, as in this instance, the trial court is restricted to determination of that particular issue. *McConnell v. Wall*, 67 Tex. 352, 5 S.W. 681 (1887); *Humble Oil & Refining Co. v. Kishi*, 299 S.W. 687 (Tex.Civ.App. Beaumont 1927, writ ref'd); 4 Tex.Jur.2d, Rev., Part 2, Appeal and Error—Civil Cases, Sec. 979. The record contains no basis for the trial court

* *Wall v. East Texas Teachers Credit Union*, 533 S.W.2d 918 (Tex.1976).

233

to award Wall attorney fees and it was not error to refuse to do so.

The judgment of the trial court is affirmed.