Charles **RIPPETOE**, Appellant,

v.

**WHITE ROCK NATIONAL BANK**, Appellee.

No. 5725.

Court of Civil Appeals of Texas, Waco.

Sept. 22, 1977.

Rehearing Denied Oct. 13, 1977.

Ronald R. Waldie, Dallas, for appellant.

G. Leroy Street, Geary, Stahl, Koons, Rohde & Spencer, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a suit for the balance due on a note and for exemplary damages. Plaintiff-Appellee White Rock National Bank sued Defendant-Appellant Charles Rippetoe for $1444.64 balance alleged to be due upon an automobile note, and for $1000.00 exemplary damages. Based upon a jury verdict favorable to the Bank, the trial court entered judgment in favor of the Plaintiff Bank against the Defendant Rippetoe for $2444.64, from which the Defendant appeals. We affirm.

The jury in answer to special issues found:

(1) That Mr. Rippetoe did not make payment of the balance due on the note on or about November 6, 1975;

(2) That Mr. Rippetoe acted with malice in refusing to return the original note and certificate of title;

(3) That the Bank should be awarded $1000.00 damages against Mr. Rippetoe as exemplary damages.

Appellant's first point of error contends that there is no evidence of probative value to support the jury's finding in answer to Special Issue No. 1 to the effect that Mr. Rippetoe did not make the payment on or about November 6, 1975, for the asserted reason that such evidence is hearsay. We do not agree.

On May 29, 1974, Appellant Rippetoe executed a note with a loan statement and security agreement with the Appellee Bank, for the purchase of a 1972 Mercury Marquis automobile. Mr. Rippetoe gave the Bank a security interest in the automobile to secure the payment of the note. The Bank's testimony is to the effect that on November 6, 1975, at a time when there was a balance due on the note in the amount of $1444.64, the Bank by mistake released the title certificate to the automobile, marked the note "paid", and mailed the note and title certificate to Mr. Rippetoe. Thereafter the Bank discovered their mistake and made demand upon Mr. Rippetoe to return the note and title certificate, which demand was refused. Mr. Rippetoe testified that on November 6, 1975, he came into the Bank personally and paid the $1444.64 balance in cash, and at that time was given the released title certificate and the note marked "paid." As stated, the jury found that Appellant did not make the payment, and in refusing to do so, acted with malice, and awarded $1000.00 exemplary damages. Pursuant to and in harmony with the jury verdict, judgment was entered in favor of the Bank against Mr. Rippetoe for $2444.64.

Michael L. Dietrich, a vice president of the Bank whose primary duties consisted of lending officer and custodian of the books and records in the loan department, testified that he was well familiar with the Bank's file on Charles Rippetoe; that the Bank's records were made in the regular course of business; that it was the regular course of business for an employee or an agent with personal knowledge of an act or event to make a memorandum or record of that act or event and include it in the appropriate file; that such records of any such act or events were made at or near the time they occurred or reasonably soon

thereafter. He then testified that Mr. Rippetoe's file does not show any record of a cash payment on Mr. Rippetoe's note on November 6, 1975, as testified to by Mr. Rippetoe. Mr. Dietrich further testified that in the regular course of business, when a customer made a cash payment on a note that the Bank issued a cash receipt, and the Bank's records do not show the issuance of such a cash receipt to Mr. Rippetoe for $1444.64. (In this connection, Mr. Rippetoe testified that he did not receive a cash receipt for his asserted cash payment of $1444.64 on November 6, 1975.) Mr. Dietrich further testified that he personally investigated the Bank's records, and that such records show that no cash payment was made by Mr. Rippetoe on November 6, 1975, and that such records show that Mr. Rippetoe "still owes" a balance of $1444.64 on such note.

Mrs. Betty Calvert, a vice president of the Bank in charge of the loan department, likewise testified that she was familiar with the Bank's file on Charles Rippetoe; that she was the person who mailed the note and title certificate to Mr. Rippetoe; that subsequent to her mailing of these documents she checked the Bank's file on Mr. Rippetoe and found that Mr. Rippetoe's note did not have a zero balance, and that the note and title certificate had been brought to her by another Bank employee for mailing by mistake.

■ Mr. Dietrich as a vice president of the Bank and custodian of the Bank's books and records was a qualified witness within the meaning and intent of Article 3737e, Vernon's Texas Civil Statutes, commonly known as the Business Records Act, to prove up the Bank's records. See *University Savings and Loan Assn. v. Security Lumber Co.* (Tex.1967) 423 S.W.2d 287, 290. And by his testimony as hereinabove outlined, he did prove up such records of the Bank and rendered same admissible under the provisions of Article 3737e, Section 1(a), (b), and (c), and Section 2.

■ Then after having rendered such records admissible, he and Mrs. Calvert both testified that such records did not contain any memorandum or record that Mr. Rippetoe had made any payment on November 6, 1975 (as testified to by Mr. Rippetoe).

Section 3 of Article 3737e provides:

"Evidence to the effect that the records of a business do not contain any memorandum or record of an alleged act, event or condition shall be competent to prove the non-occurrence of the act or event or the non-existence of the condition in that business if the judge finds that it was the regular course of that business to make such memoranda or records of all such acts, events or conditions at the time or within reasonable time thereafter and to preserve them."

In our opinion, the Bank's evidence fits squarely within the provisions of Section 3 of Article 3737e, as above-quoted, and we so hold. This being true, the jury's finding in answer to Special Issue No. 1 that Mr. Rippetoe did not make the payment in question is supported by competent evidence, and Appellant's first point is overruled.

■ Appellant further complains of jury misconduct; however, we have been furnished no statement of facts of the evidence heard by the trial court concerning Appellant's Amended Motion for New Trial. There is a recitation in the Order Overruling the Amended Motion for New Trial that the trial court heard evidence. Without a statement of facts showing what the evidence was concerning jury misconduct we can only assume that such evidence so heard supported the trial court's order. Appellant's complaint of jury misconduct is accordingly overruled.

Appellant has other points and contentions, all of which we have carefully considered. All are overruled for want of merit. Judgment of the trial court is accordingly affirmed.

AFFIRMED.