**COMMERCIAL UNION INSURANCE CO., Appellant,**

v.

**Juan MARTINEZ, Appellee.**

**No. 21071.**

Court of Appeals of Texas, Dallas.

May 21, 1982.

David Westfall, Kevin J. Keith, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellant.

Larry Feldman, Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

VANCE, Justice.

This is an appeal of the trial court's judgment requiring payment pursuant to an escrow provision in a written workers' compensation compromise settlement agreement. Enforcement of the agreement turns on the meaning of the provision "surgery to the back." Commercial Union Insurance Company presents four arguments as to why the trial court erred in not permitting extrinsic evidence in as to the meaning of "surgery to the back." We hold that the evidence was properly excluded and accordingly, affirm.

On April 17, 1976, Martinez received an injury to his back while working for his employer. He was examined by several physicians and continued to experience low back pain with pain radiating down both legs. On May 13, 1976, he was admitted to St. Paul Hospital in Dallas, Texas. Part of his treatment at that hospital consisted of an electromyographic test performed by inserting special needles in different areas of his back to determine if he had any nerve root irritation. That test gave results within normal limits, but spinal protein fluid was elevated, and, therefore, there was still concern that there might be nerve root irritation.

Martinez and Commercial Union, executed a Workers' Compensation Compromise Settlement Agreement containing an escrow agreement covering potential future disability. The Compromise Settlement Agreement provided that:

[I]f as a result of the accident of 4-7-76 Dr. Sarris or a mutually agreed upon doctor advises *surgery to the back* and does so operate on Mr. Martinez that an additional sum of EIGHT THOUSAND DOLLARS will be paid by the Commercial Union Insurance Company. (Emphasis added)

On July 19, 1977, Martinez was operated on for removal of a latoma that had developed in the area of his right sacroiliac. When he presented a claim to obtain the $8,000.00 provided for in the escrow provision of the settlement agreement Commercial Union asserted that removal of the latoma was not the contemplated type of operation intended as a condition to qualify Plaintiff for the disability money under the escrow provision and, therefore, denied his claim.

Martinez sued to recover the $8,000.00 provided for in the escrow provision. At trial Commercial Union offered, and the trial court refused, the testimony of six witnesses to explain the meaning of "surgery to the back," and this testimony was preserved by formal bills of exception. The court entered judgment for Martinez awarding him $8,000.00 under the escrow provision in addition to an award of $1,060.00 for medical expenses incurred and $4,650.00 for reasonable attorney's fees.

## INTENTION OF THE PARTIES

■■■ We address first Commercial Union's contention that the language is ambiguous. Before admitting extrinsic evidence, the court must determine whether the provision is ambiguous, which is a question of law for the court. *R & P Enterprises v. LaGuarta, Gavrel and Kirk*, 596 S.W.2d 517, 518 (Tex.1980). Ordinarily, if a written instrument is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous and extrinsic evidence is not admissible. *LaGuarta, supra*, 596 S.W.2d at 519; *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (Tex.1951). We hold that the term "surgery to the back" is not ambiguous because it is language of common use and understanding and as such is not reasonably susceptible to more than one meaning. The language of the contract, unless ambiguous, represents the intention of the parties. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968). The trial court properly excluded the evidence under the argument.

## SURROUNDING CIRCUMSTANCES AT THE TIME OF EXECUTION

■■■ Commercial Union next argues that extrinsic evidence was admissible to

show the circumstances that existed at the time of the execution of the Compromise Settlement Agreement. This argument rests on the rule that even in unambiguous contracts proof of existing circumstances may be presented, not to change the legal effect of the unambiguous contract, but to enable the court to apply the language used therein to the facts as they then existed. *Texas Utilities Fuel Co. v. First National Bank*, 615 S.W.2d 309, 312 (Tex.Civ.App.—Dallas 1981, no writ); *Dauray v. Gaylord*, 402 S.W.2d 948, 949, 951 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.). This principle is not applicable here because the evidence sought to be introduced by Commercial Union did not go to removing uncertainty with respect to applying the contract to the facts existing. Indeed, to hold as Commercial Union would have us do would be to change the effect of an unambiguous contract.

### TRADE CUSTOM AND USAGE

◼ Commercial Union similarily argues that the offered extrinsic evidence should have been admitted to show that "surgery to the back" had a special trade custom and usage in workers' compensation of referring only to "a fusion or an excision of a disc or exploratory operation in the special area." The primary purpose of applying custom and usage in interpretation of agreements is in connection with matters as to which the contract is not clear and explicit. *Republic Natl. Bank v. National Bankers Life Ins. Co.*, 427 S.W.2d 76, 80 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.). Evidence of custom is not admissible to contradict the plain unambiguous terms expressed by the contract itself. *Miller v. Gray*, 136 Tex. 196, 149 S.W.2d 582 (Tex. 1941); *see Turner v. Scobey Moving and Storage Co.*, 515 S.W.2d 253 (Tex.1974); *City of Houston v. Gribble*, 542 S.W.2d 242, 245 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). Commercial Union's offer of extrinsic evidence was properly excluded for it could not be offered to show a trade custom and usage while serving to contradict and narrow the plain unambiguous meaning of "surgery to the back."

### MUTUAL MISTAKE

◼ Finally, Commercial Union argues that the extrinsic evidence is admissible to show that a mutual mistake in the escrow agreement resulted in a failure to express the true agreement of the parties. Where it is alleged that by reason of a mutual mistake an agreement does not express the real intention of the parties, extrinsic evidence is admissible to show the real agreement. *Olvey v. Jones*, 137 Tex. 639, 156 S.W.2d 977, 980 (Tex.1941); *Wright v. Gernandt*, 559 S.W.2d 864, 868 (Tex.Civ. App.—Corpus Christi 1978, no writ). Nonetheless, the trial court properly excluded the testimony because the evidence of mutual mistake in this case, developed by bills of exception, alleges only that a different agreement was reached; and fails to establish that the term "surgery to the back" instead of "a fusion or an excision of a disc or exploratory operation in the general area" was placed in the instrument by mutual mistake. *See Estes v. Republic Natl. Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970); *Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447 (Tex.1935). There was no offer of evidence to show scrivener's error or typist's failure to embody the true agreement. *Wright v. Gernandt, supra*, 559 S.W.2d at 869. There is nothing to suggest mutual rather than unilateral mistake. *See Newsom v. Starkey*, 541 S.W.2d 468, 472 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.). The offered evidence could not have establish mutual mistake, and, therefore, was properly excluded.

Affirmed.