**Ben B. OKON, Appellant,**

v.

**MBANK, N.A., f/k/a Mercantile National Bank at Dallas, Appellee.**

No. 05–85–00557–CV.

Court of Appeals of Texas, Dallas.

Jan. 24, 1986.

Motion for Rehearing March 12, 1986.

Mark S. Werbner, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Ivan M. Scott, Jr., Winstead, McGuire, Sechrest & Minick, Dallas, for appellee.

Before STEPHENS, GUILLOT and HOWELL, JJ.

GUILLOT, Justice.

Appellant, Ben B. Okon, ("Okon"), appeals from a summary judgment in favor of appellee, MBank. For the reasons below, we reverse and remand this cause for a trial on the merits.

MBank sought recovery against Okon for four loans upon which Howard Okon, Okon's son, was directly or indirectly indebted to MBank, based upon a blanket guaranty executed by Okon on behalf of his son for:

> any and all indebtedness and obligations, whether direct or indirect, absolute or contingent, primary or secondary, joint or several, and all renewals and extensions thereof for which Howard Okon is now or hereafter may become liable or indebted to the Bank.

The loans included: (1) a condominium loan to Howard Okon, with a principal amount of $153,000; (2) a loan to Innovations Unlimited, a Howard Okon company, in the principal amount of $15,000, personally guaranteed by Howard Okon; (3) a second loan to Innovations Unlimited in the amount of $90,000, also personally guaranteed by Howard Okon; and (4) a loan to Space Place, Inc., a Howard Okon company, in the principal amount of $70,000, personally guaranteed by Okon and his son Howard.

Okon does not dispute liability as guarantor on the fourth loan to Space Place, Inc. However, in his response to MBank's motion for summary judgment, he raises multiple affirmative defenses as to the first three loans: breach of contract, negligence, estoppel, breach of fiduciary duty, and mutual mistake of fact.

Okon attempts to establish genuine issues of material fact as to his affirmative defenses by his own affidavit testimony and by letters from Billy Neal, an officer of MBank. Okon alleges that his son Howard sought to purchase a condominium as a business investment for resale at a profit. Okon brought Howard to MBank to obtain financing for this investment. MBank required a guaranty from Okon prior to any loan to Howard Okon. Okon alleges that the parties intended the guaranty to be limited to the condominium transaction, and that MBank was to obtain a first mortgage lien on the condominium in order to secure repayment of the loan. Okon alleges that several months after the condominium loan transaction, MBank loan officer, T.J. Collette, informed Okon that the mortgage lien had been obtained, and that later, Collette admitted that he had "goofed" in not securing the lien.

Okon further alleges that the parties intended that Okon's guaranty would secure only the condominium loan, and was not intended to secure later loans to Howard Okon or his businesses. In support, Okon refers to two letters from Billy Neal, another bank officer, requesting that Okon execute further guaranties for later loans to Howard Okon and his business, Innovations Unlimited. Okon contends that these

letters show that neither of the parties intended the guaranty to be applied to later loans.

Conversely, MBank contends that the parol evidence rule bars proof of the issues raised in Okon's affidavit. Instead, MBank contends that the court must look exclusively to the terms of the guaranty that do not require MBank to secure a mortgage lien and that unconditionally guarantee the debts of Howard Okon. On this basis, the trial court granted summary judgment for MBank.

Okon contends in his four points of error that the trial court erred in granting summary judgment because Okon's affidavit raises genuine issues of material fact regarding Okon's affirmative defenses, and that evidence of these affirmative defenses is not barred by the parol evidence rule. We agree with Okon, and we find genuine issues of material fact in Okon's affirmative defense of mutual mistake of fact as to the security for and scope of the guaranty. Therefore, we reverse and remand this cause for a trial on the merits.

▮ Parol or extrinsic evidence may be introduced to show mutual mistake, whereby the contract failed to express the actual agreement of the parties, and may be introduced to prove modifications which must be made in cases where mutual mistake has been alleged. *Austin Shoe Stores v. The Elizabeth Co.*, 538 S.W.2d 677, 680 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). Where it is alleged that by reason of mutual mistake, an agreement does not express the real intentions of the parties, extrinsic evidence is admissible to show the real agreement. *Commercial Union Insurance Co. v. Martinez*, 635 S.W.2d 611, 614 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

▮ A mutual mistake of fact occurs where the parties to an agreement have a common intention, but the written contract does not reflect the intention of the parties due to a mutual mistake. *See, Newsom v. Starkey*, 541 S.W.2d 468, 472 (Tex.Civ.App. —Dallas 1976, writ ref'd n.r.e.). In order for the affirmative defense of mutual mistake to be sustained on summary judgment, the defendant must raise fact issues showing that both parties were acting under the same misunderstanding of the same material fact. *Id.*

▮ In the present case, Okon raises issues of fact in his affidavit that he and MBank had agreed that the bank would obtain a first mortgage lien on the condominium. Mr. Collette, a bank officer, represented to Okon that the lien had been obtained. In fact, no lien was obtained. Collette later admitted that he had "goofed." This evidence raises a fact issue as to whether there was an agreement that a lien would be obtained.

▮ With respect to Okon's guaranty obligations on the other two notes, MBank contends that because the blanket guaranty executed by Okon covers all future loans to Howard Okon, directly or indirectly through his companies, no parol evidence may be introduced to vary the terms of the guaranty. However, Okon contends that there was a mutual mistake in his signing a blanket rather than a limited guaranty. In support, Okon introduced as an exhibit to his affidavit letters from bank officer Neal dated August 15, 1983, and February 23, 1984, requesting Okon to sign new forms guaranteeing loans to Innovations Unlimited. The original guaranty upon which MBank is suing, however, is dated November 13, 1981. These letters raise a fact issue that both MBank and Okon intended that his guaranty of the condominium loan would not cover other loans made by MBank to Howard Okon or his companies.

We hold that Okon's affidavit and Neal's letters raise genuine issues of material fact as to Okon's affirmative defense of mutual mistake of fact. We therefore, reverse the judgment of the trial court and remand this cause for a trial on the merits.

▮ MBank alleges in its cross-point, that Okon's affidavit and pleadings failed to set out each element of Okon's affirmative defenses, including his defense of mutual mistake. MBank did not raise this

objection before the trial court and, thus, waived the objection. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by MBank. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). Okon would then be given the opportunity to amend. *Id.* Because MBank did not raise this objection in the trial court, it waived the objection. *Id.* We, thus, hold that Okon raised material fact issues.

Reverse and remand.

## ON MOTION FOR REHEARING

This Court hereby grants appellee's motion for rehearing on point of error one and reforms our Judgment dated January 24, 1986, to reverse and remand as to:

(1) the condominium loan to Howard Okon, in the principal amount of $153,000;

(2) the loan to Innovations Unlimited, in the principal amount of $15,000; and

(3) the loan to Innovations Unlimited in the principal amount of $90,000.

We affirm the trial court's summary judgment, dated February 22, 1985, as to the loan to Space Place, Inc., in the principal amount of $70,000.