E.H. PARKER and Charlene
Parker, Appellants,

v.

HNG OIL COMPANY, Appellee.

No. 13-87-052-CV.

Court of Appeals of Texas,
Corpus Christi.

June 11, 1987.

Michael C. Sartori, George West, for appellants.

Dean Patton, Beeville, James Chandler, Midland, Jack Knight, Beeville, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellants brought suit to remove a cloud on title with respect to their mineral interest in 23.964 acres of land. Appellee brought a cross-action seeking an equitable reformation of a release. The trial court rendered a take nothing judgment in appellants' action to remove a cloud on title, and reformed the release with respect to appellee's cross-action. Appellants bring four points of error. We affirm the judgment of the trial court.

Appellants executed an Oil, Gas, and Mineral Lease to Frank McMillan in 1973 covering ninety-three acres in Bee County. Frank McMillan assigned the lease to appellee. Appellee assigned the lease to Bishop Petroleum Incorporated, but reserved an overriding royalty interest amounting to thirty percent of all oil and gas produced after lessor's royalties. This lease, to the extent of 23.964 acres, comprised a portion of the "Hicks-Parker Oil Unit No. 1," an oil unit designation. Production in paying quantities commenced in 1980 and continued through the date of trial.

In 1982, appellants sought a release of the lease, save and except for the 23.964 acres included in the Hicks-Parker Oil Unit No. 1. All owners of working interests in the lease, except for the appellee, executed partial releases which excepted the 23.964 acres. However, appellee executed a release to all ninety-three acres without saving and excepting the 23.964 acres included in the Hicks-Parker Oil Unit No. 1. The failure to except the 23.964 acres was "inadvertently omitted through clerical oversight."[1] Appellants did not request the appellee to release its interest in the 23.964 acres and the appellants paid no consideration for the release of the 23.964 acres.

Upon discovery of the extent of the release, appellee, through its president R.W. Usrey, executed an affidavit claiming an interest in the 23.964 acres and filed it in the deed records of Bee County. Appellee sought to amend the release, but appellants refused and brought suit complaining that the affidavit was a cloud on title. Appellee continuously paid its portions of the operating costs attributable to the 23.964 acres.

Reformation of an instrument is a proper remedy when two requirements are satisfied; (1) the true agreement of the parties is shown; and (2) the provision erroneously written into the instrument is there by mutual mistake. *National Resort Communities, Inc. v. Cain,* 526 S.W.2d 510, 513–14 (Tex.1975); *Champlin Oil & Refining Co. v. Chastain,* 403 S.W.2d 376, 382 (Tex.1965). The trial court's findings support the contention that the release actually executed was not the release contemplated by the parties. The appellants requested a release of the ninety-three acres, saving and excepting the 23.964 acres included in the Hicks-Parker Oil Unit No. 1. The appellee meant to release as appellants requested, but due to "clerical oversight" the clause excepting the 23.964 acres was not included in the release. The appellee satisfied the first prong of the test.

In *Ace Drug Marts, Inc. v. Sterling,* 502 S.W.2d 935, 939 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.), this Court recognized that knowledge by one party of the other party's mistake regarding the expression of an instrument is *equivalent to mutual mistake. See Spellman v. American Universal Investment Co.,* 687 S.W.2d 27, 31 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Because appellants made demand upon the appellee for a release that did not include the 23.964 acres, as they did with the other thirteen working interest owners, they had knowledge of the appellee's mistake in executing the release. This is especially so in light of the fact that appellants paid no consideration for this working interest in the lease, but still made demand upon Bishop Petroleum, the operator of the oil unit, for all proceeds attributable to the interest upon receipt of the

---

1. All parties stipulated to the evidence pursuant to a pretrial order, and those stipulations are the basis for the trial court's findings of facts. No complaints are made on this appeal about the findings of facts. "Unchallenged findings are binding on appeal." *De Benavides v. Warren,* 674 S.W.2d 353, 356 (Tex.App.-San Antonio 1984, writ ref'd n.r.e.).

erroneous release. The appellee satisfied both prongs of the test. The trial court did not err in reforming the release and rendering a take nothing judgment against appellants on their cause. We overrule all of the appellants' points of error.

We affirm the judgment of the trial court.