Tommy **GOFF**, Appellant,

v.

**SOUTHMOST SAVINGS & LOAN ASSOCIATION**, Appellee.

No. 13–87–545–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 20, 1988.

---

George A. Henry, Dallas, for appellant.

Richard D. Schell, Wiley & Fleuriet, Harlingen, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant challenges a judgment for $513,000, interest, and attorney's fees in a suit on a written guaranty, raising ten points of error. The name of the lending institution appears on the face of the guaranty instrument in the blank provided for the name of the borrower. The court ruled the instrument ambiguous, found that there was a mutual mistake, and looked at parol evidence to determine the intent of the parties. We affirm.

Appellee submits a motion for leave to file a supplemental transcript, which contains the trial court's findings of fact and conclusions of law. The deadline for filing the transcript was January 4, 1988. The transcript was mailed December 29, 1987. The trial court filed its findings and conclusions on December 30, 1987, very late. Appellee immediately requested a supplemental transcript, but it was not received by the appellate court until January

5, 1988. We grant the motion and file the supplemental transcript.

■ Appellant, who opposed the granting of appellee's motion, claims he will be harmed unless he is allowed to request additional or amended findings of the trial court and file the request and response with us, as well as to file another brief. Appellant points out that his first point of error complains of the trial court's failure to file findings and conclusions. We do not find harm to appellant and deny his cross-motion requesting us to abate for further proceedings.

Had we declined to file the findings and conclusions, we would have been bound to affirm the judgment on any theory finding support in the evidence. *See Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). Since we have findings and conclusions, we are limited in our review to the theory they represent. This narrows the possible grounds on which we could affirm, benefitting appellant.

Moreover, we have examined the briefs and are of the opinion that appellant has raised the same considerations which he would direct toward the findings and conclusions if allowed to rebrief. Since the appellant is able to properly present his case, he is not harmed. *See Eye Site, Inc. v. Blackburn*, 750 S.W.2d 274, 277 (Tex. App.—Houston [14th Dist.] 1988, no writ). We overrule point one.

By points two and three, appellant argues that there was no evidence or insufficient evidence to support all of the elements of proof necessary for a deficiency judgment.

In determining "no evidence" points, we consider only the evidence and inferences supporting the findings and disregard all contrary evidence and inferences. *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex. 1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (Tex.1951). If any evidence of probative force supports the finding, we must uphold the finding and overrule the point. *In re King's Estate*, 244 S.W.2d at 661–62.

An assertion that the evidence is "insufficient" to support a finding can mean that the evidence supporting the finding is so weak or that the evidence to the contrary is so overwhelming that we should set aside the finding and order a new trial. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We consider all of the evidence in making this determination. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986).

Specifically, appellant argues that the evidence did not establish whether proper notice of acceleration was given, whether a valid foreclosure sale was made, whether the mortgage had been given proper credit for the amount received, and the amount of any deficiency.

■ However, this is not a deficiency suit, but a suit on a written guaranty. A guaranty is a promise by one party to be answerable for the payment of some debt or performance of a contract or duty by another person, who himself remains liable. *Wood v. Canfield Paper Co.*, 117 Tex. 399, 5 S.W.2d 748, 749 (Comm'n App.1928, opinion adopted). A party to a guaranty suit who offers a note is presumed to be its owner, especially if it is listed as payee, unless the contrary is shown. *Schubiger v. First Newport Realty Investors*, 601 S.W.2d 218, 222 (Tex.App.—Dallas 1980, writ ref'd n.r.e.). The liability of the guarantor is generally measured by that of the principal, unless a guarantor expressly states a lesser or greater liability. *Walter E. Heller & Co. v. Allen*, 412 S.W.2d 712, 721 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.). The burden of proving the extent of liability was on appellee. *Walter E. Heller & Co.*, 412 S.W.2d at 718.

Appellee introduced a real estate lien note for $1,044,000, dated February 1, 1983, signed by appellant as president of Better Living Corp., a deed of trust on the same property to secure a debt of $1,044,000 to Southmost Savings, executed by appellant on February 1, 1983, as president of Better Living Corp., and a "Continuing Guaranty" executed by Goff personally on February 1, 1983. Mrs. Alma D. Lamas, who testified she personally administered

all of appellee's loan files, testified the note was in default. She testified that the amount owing was $513,000.

■ Thus, appellee proved a case in which the extent of liability was $1,044,000. Appellant complains that appellee did not show the exact amount owing after credits. However, offset is an affirmative defense, and appellant would have had to prove any credits had appellee not voluntarily reduced the amount it sought. *See Dallas County State Bank v. Thiess*, 575 S.W.2d 20, 21 (Tex.1978); *Durham v. Uvalde Rock Asphalt Co.*, 599 S.W.2d 866, 875 (Tex.Civ. App.—San Antonio 1980, no writ).

■ Moreover, we have examined the guaranty, and it contains a waiver of suit against the borrower:

This is absolute guaranty of payment and not of collection, and the undersigned waive any right to require that any action be brought against the Borrower or any other person. Should the Secured Party seek to enforce the obligations of the undersigned hereunder by action in any court, the undersigned waive any necessity, substantive or procedural, that a judgment previously be rendered against the Borrower or any other person, or that any action be brought against the Borrower or any other person, or that the Borrower or any other person should be joined in such cause; the obligations of the undersigned assumed hereunder are joint and several from the Borrower or any other person, and are primary obligations concerning which the undersigned are principal obligors.

Such waivers are valid and enforceable. *See Hernandez v. Bexar County National Bank*, 710 S.W.2d 684, 689 (Tex.App.—Corpus Christi 1986), *writ ref'd n.r.e.*, 716 S.W.2d 938 (Tex.1986). We overrule points two and three.

■ By his fourth point of error, appellant claims that the trial court erred in concluding that the guaranty was ambiguous. The document was a preprinted form. In the blank for the borrower, someone had typed the name of the lender or secured party. Thus, the guaranty read that Goff insured the obligation of Southmost to Southmost.

Whether an ambiguity exists in a written instrument, authorizing the admission of explanatory extrinsic evidence, is a matter of law. *Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 529 (Tex.1987); *Isbell v. Williams*, 738 S.W.2d 20, 24 (Tex.App.—Texarkana 1987, writ ref'd n.r.e.); *O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 561 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Appellant offers the definition that an instrument is ambiguous if, after applying established rules of interpretation, the contract remains reasonably susceptible to more than one meaning. *C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (1951). Appellant argues that since "Southmost Savings & Loan Association" has only one meaning, the guaranty is not ambiguous.

However, there are other definitions of ambiguity. A contract is ambiguous if its meaning is "uncertain and doubtful." *Skelly Oil Co. v. Archer*, 163 Tex. 336, 356 S.W.2d 774, 778 (1961); *Skyland Developers v. Sky Harbor Associates*, 586 S.W.2d 564, 568 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Walter E. Heller & Co.*, 412 S.W.2d at 718. An instrument is ambiguous if "difficult to comprehend or distinguish, of doubtful import," *San Antonio Life Insurance Co. v. Griffith*, 185 S.W. 335 (Tex.Civ.App.—Fort Worth 1916, no writ). *O'Shea*, 656 S.W.2d at 561 mentions "doubt as to the true meaning of an ambiguous instrument." *See also Wall v. East Texas Teachers Credit Union*, 526 S.W.2d 148, 150 (Tex.Civ.App.—Texarkana 1975), *rev'd on other grounds*, 533 S.W.2d 918 (Tex.1976), *appeal after remand*, 549 S.W.2d 232 (Tex.Civ.App.—Texarkana 1977, writ ref'd).

The primary object of contract construction is to arrive at the intentions of the parties. *Skelly Oil Co.*, 356 S.W.2d at 778. To this end, we must "construe contracts from a utilitarian standpoint bearing in mind the particular business activity sought to be served...." *Neece v. A.A.A.*

*Realty Co.,* 159 Tex. 403, 322 S.W.2d 597, 602 (1959); *see Skyland Developers,* 586 S.W.2d at 570. The literal meaning of the guaranty is nonsensical, improbable, and unreasonable in the business world. Thus, we conclude that the document's meaning is uncertain and doubtful, or ambiguous. We overrule point four.

By points five and six, appellant contends that there is no evidence to support the trial court's construction of the guaranty, and specifically, no evidence of appellant's intent, to support the trial court's construction.

Parol evidence is admissible to construe an ambiguous document. *Bobbie Brooks, Inc. v. Goldstein,* 567 S.W.2d 902, 906 (Tex. Civ.App.—Eastland 1978, writ ref'd n.r.e.). Moreover, to ascertain the entire agreement between contracting parties, separate documents executed at the same time, for the same purpose, and in the course of the same transaction are to be construed together. *Jim Walter Homes, Inc. v. Schuenemann,* 668 S.W.2d 324, 327 (Tex. 1984); *Pendleton Green Associates v. Anchor Savings Bank,* 520 S.W.2d 579, 584 (Tex.Civ.App.—Corpus Christi 1975, no writ); *see also Southwest Savings Association v. Dunagan,* 392 S.W.2d 761, 767 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r. e.).

■ Appellant complains that Lamas testified to things of which she had no personal knowledge. However, she testified from the business records of which she was custodian. *See University Savings & Loan Association v. Security Lumber Co.,* 423 S.W.2d 287, 290 (Tex.1967); *Rippetoe v. White Rock National Bank,* 555 S.W.2d 934, 936 (Tex.Civ.App.—Waco 1977, no writ); Tex.R.Civ.Evid. 803(6).

Courts will give effect to the objective intention of the parties as expressed in writing. *Westwind Exploration, Inc. v. Homestate Savings Association,* 696 S.W. 2d 378, 382 (Tex.1985). Objective, not subjective, intent controls contract construction. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968). We overrule points five and six.

■ By points seven, eight, and nine, appellant claims that there is no evidence of mutual mistake or of the true agreement of the parties to support reformation, and that the trial court erred in reforming the guaranty.

Mutual mistake occurs when the parties to an agreement have a common intention, but the written contract does not reflect that intention. *Okon v. MBank, N.A.,* 706 S.W.2d 673, 675 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Moreover, knowledge by one party of another's mistake in the expression of the contract is equal to mutual mistake. *Coker v. Hughes,* 307 S.W.2d 354, 359 (Tex.Civ.App.—Amarillo 1957, no writ). Parol or extrinsic evidence may be introduced to show mutual mistake and to prove modification which must be made. *Okon,* 706 S.W.2d at 675.

The evidence of mutual mistake is that the lending institution's name is typed in the space for the borrower, rendering the instrument nonsensical, improbable, or unreasonable in a business context. The mistake is one of the expression of the contract.

When a contract is ambiguous or incomplete, evidence of the circumstances surrounding its execution is admissible to render its terms certain and to clarify matters its wording leaves in doubt. *Jordan v. Rule,* 520 S.W.2d 463, 465 (Tex.App.—Houston [1st Dist.] 1975, no writ).

Reformation of an instrument is a proper remedy when the true agreement of the parties is shown and the provision erroneously written into the instrument is there by mutual mistake. *Cherokee Water Co. v. Forderhause,* 741 S.W.2d 377, 379 (Tex. 1987); *Parker v. HNG Oil Co.,* 732 S.W.2d 754, 755 (Tex.App.—Corpus Christi 1987, no writ). An instrument may be reformed to correct the mistake of a scrivener or typist. *Henderson v. Henderson,* 694 S.W. 2d 31, 34 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *see Parker,* 732 S.W.2d at 755. We overrule points seven, eight, and nine.

■ Appellant's tenth point claims that no pleadings supported the remedy of ref-

ormation. We have examined the record and have found no written exceptions to the pleadings as Tex.R.Civ.P. 90 requires. Since this is not a default case, Rule 90 renders any defects waived. Moreover, we have read the petition, and it supports the judgment. We overrule point ten.

We AFFIRM the trial court's judgment.