NUMBER 13-03-188-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

RIP WALLACE, INDIVIDUALLY
AND D/B/A 101 RANCH,                                                             Appellant,

v.

WENDELL MUNSON D/B/A
MUNSON CATTLE CO.,                                                              Appellee.
                                                                                                                                       

On appeal from the 343rd District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 

          By three issues, appellant, Rip Wallace, individually and d/b/a 101 Ranch (Wallace),
complains of the trial court’s judgment in favor of appellee, Wendell Munson d/b/a Munson
Cattle Company (Munson). Specifically appellant contends the trial court erred in: (1)
determining that the pasturage agreement between the parties was a valid and enforceable
contract; (2) considering appellee’s evidence on damages; and (3) considering appellee’s
evidence regarding attorney’s fees.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court's decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
          By his first issue, appellant contends that the judgment should be reversed because
the pasturage agreement is an ambiguous contract. We disagree.
          The interpretation of an unambiguous contract is a question of law for the court to
decide. Frost Nat'l Bank v. L & F Distribs., 122 S.W.3d 922, 930 (Tex. App.–Corpus Christi
2003, no pet.); see Nat'l Union Fire Ins. Co. v. CBI Indus., 907 S.W.2d 517, 520 (Tex.
1995). The appellate court reviews questions of law de novo. Parts Indus. Corp. v. A.V.A.
Servs., 104 S.W.3d 671, 678 (Tex. App.–Corpus Christi 2003, no pet.). Legal conclusions
of the trial court are always reviewable, and the appellate court is not obliged to give any
particular deference to those conclusions. Id. 
          The rules of contract interpretation favor validity and instruct courts of appeals to
examine and consider the entire writing in an effort to harmonize and give effect to all the
provisions of the contract so that none will be rendered meaningless. Lavaca Bay
Autoworld v. Marshall Pontiac Buick Oldsmobile, 103 S.W.3d 650, 657 (Tex. App.–Corpus
Christi 2003, no pet.); see Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983).
          If a written contract is worded so that it can be given a definite or certain legal
meaning, then it is unambiguous. Frost Nat'l Bank, 122 S.W.3d at 930; see Coker, 650
S.W.2d at 393. An ambiguity does not arise simply because the parties offer conflicting
interpretations. Frost Nat'l Bank, 122 S.W.3d at 930. A contract is ambiguous if its
meaning is uncertain and doubtful. Goff v. Southmost Sav. & Loan Ass’n, 758 S.W.2d
822, 825 (Tex.App.–Corpus Christi 1988, writ den'd). An ambiguity arises if an instrument
is difficult to comprehend or distinguish, of doubtful import, or if there is doubt as to the true
meaning. Id. The circumstances at the time the instrument was executed must be taken
into consideration. Lenape Res. Corp. v. Tenn. Gas Pipeline Co., 925 S.W.2d 565, 574
(Tex. 1996). 
          Parol evidence is admissible to construe an ambiguous document. Goff, 758
S.W.2d at 825; see Wesson v. Jefferson Sav. & Loan Ass’n., 641 S.W.2d 903, 905 (Tex.
1982); Gibson v. Bentley, 605 S.W.2d 337, 339 (Tex. Civ. App.–Houston [14th Dist.] 1980,
writ ref'd n.r.e.). The primary object of contract construction is to arrive at the intentions
of the parties. Goff, 758 S.W.2d at 825; see Lenape, 925 S.W.2d 565, 574 (Tex. 1996).
          Using the tests outlined above, we conclude that the pasturage agreement was
ambiguous in regard to the term “adequate feed.” See Goff, 758 S.W.2d at 825. The term
“adequate feed” is essential to the case at hand. It is unclear from the face of the
document what amount of feed is required to be “adequate.” Does “adequate” mean that
the cattle must simply stay alive, maintain weight, or gain weight? The meaning of
“adequate” within the document is uncertain. Id. 
          Appellant is incorrect, however, in his assertion that the finding of an ambiguity in
the pasturage agreement results in an unenforceable contract. The ambiguity allows for
the admission of parol evidence


 in order to ascertain and give effect to the intentions of
the parties as expressed in the agreement. Goff, 758 S.W.2d at 825; see Wesson, 641
S.W.2d at 905; Gibson, 605 S.W.2d at 339. 
          At trial, Munson testified that his motivation for entering into the agreement was for
his cattle to gain weight. Wallace testified that he knew that Munson likely entered into the
pasturage agreement so that the cattle would gain weight and make a profit. Thus, we
conclude that the parol evidence established that “adequate feed” meant an amount of
food sufficient that the cattle would gain weight. Therefore, we hold that the contract was
enforceable. 
          If the cattle lost weight while being pastured on Wallace’s property, as they did,
clearly they did not receive “adequate feed” as that term was understood by the parties to
the contract. Accordingly, we find appellant breached the pasturage agreement. We
overrule appellant’s first issue.
          By his second issue, appellant contends that the trial court erred in considering
evidence regarding the fair market value of appellee’s cattle because the evidence was not
disclosed to appellant in discovery. We review the trial court's evidentiary rulings under an
abuse of discretion standard. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 906
(Tex. 2000). Unless the trial court's erroneous evidentiary ruling probably caused the
rendition of an improper judgment, we will not reverse the ruling. Id.
          When a party fails to make, amend, or supplement a discovery response in a timely
manner, sanctions are appropriate. Tex. R. Civ. P. 193.6(a)(1); see Matagorda County
Hosp. Dist. v. Burwell, 94 S.W.3d 75, 81 (Tex. App.–Corpus Christi 2002, no pet.). The
exclusion of the evidence is the sole remedy for not timely supplementing discovery. Tex.
R. Civ. P. 193.6(a)(1); see Burwell, 94 S.W.3d at 81; Alvarado v. Farah Mfg. Co., 830
S.W.2d 911, 914 (Tex. 1992). The remedy is mandatory and automatic. See Alvarado,
830 S.W.2d at 914. An exception to the rule exists when the court finds there was good
cause for the failure to amend or supplement, or that the failure will not unfairly surprise
or prejudice the other party. Tex. R. Civ. P. 193.6(a)(1); Burwell, 94 S.W.3d at 81.
          At trial, appellee offered evidence of his damages based on the fair market value
of the cattle, both before and after being pastured on appellant’s land. Before trial,
appellee had represented that his measure of damages would be based on the cost of
recapturing the lost weight of the cattle. The record reflects, however, that appellant was
well aware of the fair-market-value measure of damages because prior to trial, appellant
brought to appellee’s attention a case identifying the fair-market-value method as the
proper measure of damages in a case involving a pasturage contract. See J.B. Wallis &
Co. v. Wallace, 92 S.W. 43, 44 (Tex. Civ. App. 1905, no writ). Additionally, while taking
appellee’s deposition, appellant questioned appellee about the possibility of using fair
market value as a measure of damages. Therefore, we conclude appellant was not
unfairly surprised or prejudiced by evidence concerning the fair market value of the cattle. 
See Tex. R. Civ. P. 193.6(a)(1); Burwell, 94 S.W.3d at 81. The trial court properly allowed
the admission of evidence as to the fair market value of the cattle. See Tex. R. Civ. P.
193.6(a)(1); Burwell, 94 S.W.3d at 81. We overrule appellant’s second issue.
          By his third issue, appellant contends that the trial court improperly considered
evidence of attorney’s fees. The "trial court has broad discretion to determine admissibility"
of expert testimony and the appellate court should "reverse only if there is an abuse of that
discretion." Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 499 (Tex. 2001); see Llanes v.
Davila, 133 S.W.3d 635, 638 (Tex. App.–Corpus Christi 2003, pet. ref’d). An abuse of
discretion occurs only when a trial court's decision is "arbitrary, unreasonable, and without
reference to guiding rules and principles." Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997).
          A party may request disclosure of the general substance of an expert’s mental
impressions and opinions as well as a brief summary of the basis for them. See Tex. R.
Civ. P. 194.2(f). Appellee identified his attorney as an expert who would testify as to
attorney’s fees. According to appellant, appellee failed to identify the expert’s mental
impressions and opinions because appellee did not disclose the amount of time expended
thus far, the hourly rate charged, or expenses. 
          While we agree that appellee should have provided this information under rule of
civil procedure 194.2(f), we cannot say that the lack of information unfairly prejudiced or
surprised appellant. See Tex. R. Civ. P. 194.2(f); Burwell, 94 S.W.3d at 81. Appellant
knew that appellee’s attorney planned to testify regarding attorney’s fees. The trial court’s
decision to allow the testimony was not "arbitrary, unreasonable, and without reference
to guiding rules and principles." Goode, 943 S.W.2d at 446. Therefore, the trial court did
not abuse its discretion in allowing the testimony. Wilkins, 47 S.W.3d at 499; Llanes, 133
S.W.3d at 638. We overrule appellant’s third issue.
          The JUDGMENT of the trial court is AFFIRMED.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Memorandum opinion delivered and filed this the
26th day of August, 2004.