In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-040 CV


____________________



JAMES CLARK, INC. d/b/a CLARK'S GLASS & MIRROR


AND BECKY CLARK, INDIVIDUALLY, Appellants



V.



VITRO AMERICA, INC. a/k/a VVP AMERICA, INC.


a/k/a ACI DISTRIBUTION, Appellee 


 




On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 07-04-03496-CV 






OPINION



 James Clark, Inc. ("Clark Inc.") d/b/a Clark's Glass & Mirror and Becky Clark,
Individually ("Becky") appeal a summary judgment in which Vitro America, Inc. a/k/a VVP
America, Inc. a/k/a ACI Distribution, ("Vitro") recovered actual damages in the amount of
$55,501.68. In four issues subdivided into six points of error, the appellants contend the trial
court erred in granting judgment against Becky Clark as guarantor of the credit obligation
of James Clark, Inc. Although the guaranty agreement bears the name of the party extending
credit in the blank provided for the name of the party to which credit was being extended, the
only possible meaning of the contract is that Becky guaranteed the payment of debts incurred
by Clark Inc. through the credit agreement. We hold that as a matter of law Becky Clark
assumed personal liability for the debt Clark Inc. owed to Vitro. Accordingly, we affirm the
trial court's judgment.

 Vitro alleged that it is also known as VVP America, Inc. and as ACI Distribution. 
Neither Clark Inc. nor Becky filed a verified denial regarding a defect in parties or a plea that
the plaintiff was not doing business as alleged. See Tex. R. Civ. P. 93. Because the
appellants did not specially deny that Vitro America, Inc., was doing business as VVP
America, Inc., and as ACI Distribution, that allegation is not at issue. Id.; Tex. R. Civ. P. 92.

 Vitro alleged it furnished materials, labor, supplies and merchandise to Clark Inc. on
credit pursuant to a written agreement executed by Becky on behalf of Clark Inc. and that
Becky executed a written personal guaranty. Vitro pled that Clark Inc. and Becky breached
their respective credit and guaranty agreements and also pled that the guaranty contract
should be reformed to correct a scrivener's error. On appeal, the appellants do not challenge
the amount of the damages proven or the granting of summary judgment against Clark Inc. 
The appellants argue that Vitro failed to establish its entitlement to summary judgment
against Becky on her guaranty because on its face the agreement did not state that Becky
would be personally liable for Clark Inc.'s debt to Vitro.

 Both the credit agreement and the individual personal guaranty appear on a one-page
pre-printed form. The top half of the page contains the terms of the agreement to extend
credit to Clarks' Glass & Mirror for purchases from VVP America, Inc., or any of its
subsidiaries or affiliated entities. Becky signed the agreement in her capacity as vice
president. The bottom half of the page contains an individual personal guaranty on which
the blanks have been filled to read as follows: "I, Becky Clark, for and in consideration of
your extending credit at my request to ACI Dist. (the "Company"), personally guarantee
prompt payment of any obligation of the Company to VVP America, Inc., and each of its
subsidiaries and affiliated entities, ("Seller"), . . ." The appellants contend the trial court
erred in granting summary judgment because the guaranty agreement does not state that
Becky guaranteed the payment of an obligation owed by Clark Inc.

 First, the appellants argue that Vitro failed to prove each element of its claim against
Becky as a matter of law. In particular, they argue that the agreement did not on its face
provide for Becky's guaranty of Clark Inc.'s debt to Vitro. To support their argument, the
appellants cite a case in which the appellate court held that an agreement guaranteeing the
payment for goods sold on open account by Ford Marketing Corporation did not extend to
guarantee payment for goods sold on open account by a post-merger successor corporation. 
See Marshall v. Ford Motor Co., 878 S.W.2d 629, 631 (Tex. App.--Dallas 1994, no writ). 
In Marshall, the precise terms of the agreement guaranteed payment only for goods sold by
Ford Marketing Corporation; therefore, the guarantor was not liable for payment of goods
sold on open account by the successor corporation. Id. Regardless of the successor
corporation's ability to enforce the guaranty, the sale of goods by the successor corporation
did not fall within the terms of the guaranty. Id. In this case, however, the credit agreement
covered all purchases made by Clarks' Glass & Mirror from VVP America, Inc. and its
subsidiaries and affiliated entities. Unlike Marshall, which concerned the scope of the
agreement, the appellants base their argument on the fact that "ACI Dist." was filled in the
blank on the guaranty form in the place for the name of the company to which credit was
being extended.

 The appellants contend the guaranty agreement is not ambiguous on its face and claim
the appellee failed to provide summary judgment evidence of ambiguity. They argue their
case is distinguishable from the case relied upon by the appellee in the trial court. See Goff
v. Southmost Sav. & Loan Ass'n, 758 S.W.2d 822 (Tex. App.--Corpus Christi 1988, writ
denied). In Goff, the name of the lending institution appeared on the face of the pre-printed
guaranty instrument in the blank provided for the name of the borrower. Id. at 823. The trial
court ruled the contract was ambiguous and looked at parol evidence to determine the parties'
intent. Id. Because the agreement read that Goff insured the obligation of the lending
institution rather than the borrower, the appellate court reasoned that the literal meaning of
the guaranty was nonsensical, improbable, and unreasonable in the business world, and
concluded that the agreement's meaning was therefore ambiguous. Id. at 825-26. Because
the instrument was ambiguous, the appellate court held the trial court did not err in
considering parol evidence. Id. at 826. The appellate court noted that the documents from
the entire transaction must be construed together to determine the parties' objective intent
as expressed in writing. Id. The appellate court also held that the trial court properly granted
the remedy of reformation of a mutual mistake in the contract. Id.

 The appellants argue Goff is distinguishable for three reasons: (1) that appeal followed
a bench trial rather than a summary judgment; (2) the blanks filled in the form in that case
provided the same name for the principal on the guaranty and the obligee on the credit
agreement, while different names were filled in the blanks here; and (3) the guaranty
agreement in this case was executed with a credit application, while Goff involved a
contemporaneously executed real estate promissory note. These distinctions do not compel
a different result in this case. The construction of a contract is a matter of law to be
determined by the trial court, not a fact issue. See Coker v. Coker, 650 S.W.2d 391, 394
(Tex. 1983). A contract is ambiguous when it is susceptible to two or more reasonable
interpretations. Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003). 
Whether a contract is ambiguous is a question of law that must be determined by examining
the entire writing in an effort to harmonize and give effect to all of the provisions of the
contract so that none are meaningless. Seagull Energy E & P, Inc. v. Eland Energy, Inc., 207
S.W.3d 342, 345 (Tex. 2006). "For an ambiguity to exist, both interpretations must be
reasonable." Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589
(Tex. 1996).

 In this case, there was certainly a mistake made in reducing the parties' agreement to
writing. Of the two possible constructions of the contract, however, only one is reasonable. 
The single-page document reveals that Vitro agreed to sell merchandise to Becky's company
on credit and that Becky agreed to guarantee payment. Read literally and without reference
to its context, the payment Becky agreed to guarantee was a payment by one Vitro entity to
another. From the face of the document such a result is nonsensical. The document shows
that one party - Vitro (itself and through related entities) - was extending credit to one party
only - Clark Inc. (itself or through an assumed name) - and one party - Becky - personally
guaranteed payment of any debts that arose pursuant to the transactions under the credit
agreement. Because ACI Distribution is a party extending credit, not a party receiving credit
under the agreement, there is no reasonable interpretation of the contract under which ACI
Distribution would be making a payment for Becky to guarantee. Because the only
reasonable interpretation of the contract is that Becky guaranteed payment of debts incurred
by Clark Inc. under the agreement, the trial court did not err in so construing the contract as
a matter of law. Although parol evidence might have been admissible summary judgment
evidence to establish the fact of a mistake, as was the case in Goff, both the mistake and the
sole reasonable construction of the Vitro/Clark contract is evident from the face of the
contract itself. The appellants do not dispute that Clark Inc. defaulted on the contract and
there is no fact issue on the amount owed. Because the face of the agreement shows that
Becky agreed to pay in the event of a default in the credit agreement, the trial court did not
err in enforcing the guaranty.

 The appellants argue that the appellee failed to establish as a matter of law its claim
for reformation of the contract. They also contend that limitations barred reformation of the
contract and that the trial court could not grant the remedy of reformation of the contract
because a fact issue exists on the appellants' limitations defense. Although Vitro pled for
the equitable remedy of reformation of the contract and moved for reformation of the
contract in its motion for summary judgment, the trial court enforced the contract without
reforming it. The only relief granted by the trial court is a money judgment for $55,501.68,
plus prejudgment and post-judgment interest, appellate attorney's fees, and costs. The sole
reasonable construction of the contract was that Becky guaranteed the payment of debts
incurred by Clark Inc. by reason of sales from Vitro and its affiliated entities to Clark Inc. 
Because the trial court enforced the contract under its sole reasonable construction, the
judgment is not reversible for erroneous reformation.

 We overrule all of the appellants' issues and points of error and affirm the judgment
of the trial court.

 AFFIRMED.

 ____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on August 18, 2008

Opinion Delivered October 9, 2008

Before McKeithen, C.J., Gaultney and Kreger, JJ.